190

## Commonwealth v. Nelson

*Henry Moore,* for Commonwealth.
*Joseph Valentino,* for defendant.

ACKER, *J.,* January 13, 1976 — The matter for determination arises from an application to suppress evidence. The previous motions have been disposed of from the bench leaving but the following motion for disposition prior to trial.

Although testimony was not taken, certain admissions in the application plus stipulations at hearing comprise the record. They are as follows.

1. Defendant has been indicted for the crimes of murder and voluntary manslaughter. On September 6, 1975, at about 3:30 a.m. defendant called an ambulance to come to 36 Maple Drive, Pymatuning Township, Mercer County, Pa. Defendant then called the dispatcher at the Hickory Township Police Department stating that his name was David Nelson and that he had accidentally shot someone at 36 Maple Drive and they could reach him at that address. He requested that the police come to the address.

2. The Hickory Township Dispatcher then contacted Officer Robert Fabrey of the Pymatuning Township Police Department requesting that he proceed to 36 Maple Drive.

3. Officer Fabrey proceeded to 36 Maple Drive where he saw a male individual standing on the outside of the residence who had blood on his hands and shirt. Officer Fabrey inquired of the man if he was shot and that man, being defendant, answered that he was not but that he had done the shooting. The officer then asked, "How bad is he hurt?" And defendant responded that, "He's dead." Officer Fabrey then entered the residence, proceeded upstairs and discovered decedent in the bedroom. A firearm was discovered near the body of decedent which was seized by the police. The police also learned of the presence of various witnesses and other items of physical evidence which were seized at the scene of the alleged shooting. There was no evidence that defendant lived or had any proprietary interest of any type in the subject residence.

4. Petitioner requests that all statements made to the Hickory and Pymatuning Township Police,

the body, witnesses, gun and other physical evidence all be suppressed.

## MUST THE ORAL STATEMENTS MADE BY THE DEFENDANT IN THE TELEPHONE CONVERSATION TO THE POLICE STATION BE SUPPRESSED?

Telephone calls of a non-confidential quality conveying information concerning an emergency situation made to a police station requesting that they come to a scene indicate that they are voluntarily made and are not intended to have any privilege of communication: Commonwealth v. Gullett, 459 Pa. 431, 329 A. 2d 513 (1974). The mere fact that a statement may be incriminating does not alter its voluntary character or preclude its use: Commonwealth v. Yount, 455 Pa. 303, 314 A. 2d 242 (1974).

Clearly a person calling a police station has the right to hang up, not give his identity and certainly not make admissions or exculpatory statements concerning his involvement in the event to which he is asking the police to render assistance or investigate. Volunteered statements made even in the presence of police are admissible: Commonwealth v. Jefferson, 423 Pa. 541, 226 A. 2d 765 (1967); Commonwealth v. Brittain, 455 Pa. 562, 317 A. 2d 219 (1974); and Commonwealth v. Yount, supra.

That which is denied is custodial interrogation[1] of a defendant without adequate Miranda warnings. This occurs if a person is in custody or becomes the focus of an investigation as a suspect: Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602

---

1. See 31 A.L.R. 3rd 565 as to what constitutes custodial interrogation.

(1966), and Commonwealth v. McLaughlin, 231 Pa. Superior Ct. 129, 136, 332 A. 2d 812 (1974).

Wherefore, it is concluded that that said to the police officer over the telephone is not subject to suppression.

## ARE THE STATEMENTS MADE BY THE DEFENDANT AT THE APPEARANCE OF THE POLICE AT THE SCENE SUPPRESSIBLE?

That said by the police and defendant at the scene is very limited and yet significant. The officer inquired first of defendant if he was shot. He responded that he wasn't and that he had done the shooting. This was followed by, "How bad is he hurt?" with defendant responding, "He is dead."

Although it is not clear by the stipulation, assuming that the officer making the investigation had all of the knowledge of the dispatcher of another police department, he would know that an individual named David Nelson had called to report that he had accidentally shot someone and requested the police to come to 36 Maple Drive. He would not know that an ambulance had been called for this was done independently by defendant. He would not know that defendant was the one who called. He would know that the person who called stated that the shooting was accidental. He would not know that the victim was dead or alive. Therefore, as the officer initially approached defendant, even though he did see blood on his hands and shirt, he would not know that he necessarily was the person who did the shooting. Defendant was not in custody, nor was the focus of the investigation upon him. Even if a person is in custody, the police conduct which is subject to Miranda must be calculated to or expected to or likely to evoke admissions: Commonwealth v.

Simala, 434 Pa. 219, 226, 252 A. 2d 575, 578 (1969); Commonwealth v. Yount, supra; Commonwealth v. O'Shea, 456 Pa. 288, 291, 318 A. 2d 713, cert. den. 419 U.S. 1092 (1974).

Wherefore, we cannot conclude that the initial questioning was without the requirements of Miranda and, therefore, it is not suppressible.

The subsequent questioning was, "How bad is he hurt?" with defendant responding, "He is dead." To that point the officer had no knowledge what the condition of decedent was. Therefore, it falls within People v. Superior Court for the County of Santa Clara, 3 Cal. App. 3rd 476, 83 Cal.Rptr. 771 (1970).

". . . the privilege of the police at this clearly investigatory stage to ask relevant questions which might be necessary to save a life take precedence over their duty to advise a suspect of his constitutional right to remain silent. [citation omitted]" People v. Jacobson, 63 Cal. 2d 319, 328, 46 Cal. Rptr. 515, 521, 405 P. 2d 555, 561.

In the present case when Officer Fabrey made the inquiry in question he did not know who had been shot, nor had he seen the victim. The question was clearly investigatory and was relevant, at least, to the preservation of future bloodshed and the safety of the officer himself. See also, People v. Jacobson, 46 Cal.Rptr. 515, 405 P. 2d 555 (1965).

California has subsequently held that there must be a reasonable belief that the victim may still be alive and that in questioning the defendant the intent of the officers must be to save the victim's life: People v. Dean, 39 Cal. App.3rd 875, 114 Cal.Rptr. 555 (1974).

We conclude that the subsequent questioning fits within the latter definition and was proper even though at that point an investigation may

have begun to focus on the defendant as an accused: Commonwealth v. Jefferson, supra.

## IS THE EXISTENCE OF THE BODY, THE WEAPON, WITNESSES AND OTHER PHYSICAL EVIDENCE FOUND AT THE SCENE TO BE SUPPRESSED?

Concluding that Miranda warnings were not required as to any of the statements made by defendant, all of the physical evidence, the existence of witnesses and other matters at the scene would not be the subject of suppression. Further, there is no evidence that defendant has any standing to prevent a search of premises to which there is no known connection by him except that he apparently shot a person within the premises[2] and was standing on the sidewalk when the police arrived: Commonwealth v. Tasco, 227 Pa. Superior Ct. 144, 323 A. 2d 831 (1974).

Defendant's stating the victim was dead did not mean that the police were required to accept his statement. Defendant may have been mistaken that the victim had no life remaining. As this court stated in a somewhat similar factual situation in Commonwealth v. Hanna, No. 21 December Term, 1967, Court of Common Pleas of Mercer County, Pennsylvania, Criminal Division, page 10:

"To say that the police were required to get a search warrant before they could attempt to save a life or suffer the consequences of being denied the right to introduce the physical evidence surrounding the crime is beyond the requirements of the law and principles of humanity."

2. In that a gun was found next to the victim it can be assumed the shot was fired from the interior of the home but there is no stipulation or admission as to what the defendant was doing there.

Nor do we believe that the gun, which apparently was in plain view beside the body, would not have been discovered regardless of any statement by the defendant: Killough v. United States, 336 F. 2d 929 (D.C. Cir. 1964); Commonwealth v. Garvin, 448 Pa. 258, 293 A. 2d 33 (1972). In fact, defendant made no statement concerning the gun.

There is nothing in the admission or stipulation that the existence of the witnesses at or about the scene of the crime would not have been disclosed regardless of what the defendant said. Nor was there any specific mention by defendant as to witnesses.

Wherefore, it is concluded that all matters may be properly admitted into evidence and are not to be suppressed.

## ORDER

And now, January 13, 1976, it is hereby ordered and decreed that the motion to suppress is denied in its entirety.