353 A.2d 381

**COMMONWEALTH of Pennsylvania**

**v.**

**Daniel CUMMINGS, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 21, 1975.

Decided March 17, 1976.

Rudolph S. Pallastrone, George A. Bachetti, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On June 4, 1973, appellant, Daniel Cummings, was convicted by a jury of first-degree murder, burglary and violation of the Uniform Firearms Act. Post-trial motions were timely filed and denied by the court en banc. On December 4, 1974, the court imposed a sentence of life imprisonment on the first-degree murder indictment, a concurrent sentence of three-to-ten years on the burglary charge, and a one-to-three years sentence on the firearms indictment, to run consecutively with the burglary sentence and concurrently with the murder sentence. This appeal followed.[1]

Appellant argues that his confession was improperly admitted at his trial in that it was involuntarily ob-

---

1. The only conviction before this court is the first-degree murder conviction at No. 219 September Term, 1973, Court of Common Pleas, Criminal Trial Division, of Philadelphia.

tained in violation of his constitutional rights and also in violation of Pa.R.Crim.P. 130 prohibiting unnecessary delay between arrest and arraignment.

The facts surrounding this appeal are as follows. On August 23, 1972, appellant entered the residence of Alvin Singleton at 205 Kater Street, Philadelphia, and shot Singleton. The reason given by appellant for the shooting was the alleged rape of appellant's wife by the decedent and the decision of the police not to pursue the rape investigation. On August 24, 1972, appellant fled the Philadelphia jurisdiction. On December 22, 1972, the Philadelphia police were notified by the F.B.I. that the Atlanta, Georgia police had arrested appellant and that he was confined to Grady Memorial Hospital recovering from gunshot wounds suffered in an incident with Atlanta police. On December 26, 1972, two Philadelphia homicide detectives arrived at Grady Memorial Hospital at approximately 10:00 a. m. Between 10:00 a. m. and 11:00 a. m., Philadelphia police interviewed appellant's doctor, who indicated the police could question appellant. At 11:00 a. m. the Philadelphia police warned appellant of his constitutional rights and began questioning him. Between 11:20 to 11:45 a. m., appellant implicated himself in the death of Singleton and indicated the motive was revenge for his wife's rape.

At approximately 12:20 p. m., the Philadelphia police began to take appellant's formal typewritten confession, which was completed at approximately 2:00 p. m.; appellant read and signed the confession. The formal confession was substantially identical to the earlier oral admission. At the time of the confession appellant was recovering from five gunshot wounds of the body inflicted five days prior to the interrogation by the Philadelphia police. Assuming *arguendo* the inadmissibility of appellant's confession because of either violation of his constitutional rights or violation of this court's supervisory rule as to the unnecessary delay between arrest and ar-

raignment, we are of the opinion that any error was harmless beyond a reasonable doubt.

Appellant's trial testimony was identical to that of the confession obtained in the Atlanta hospital. He admitted seeking out and shooting the decedent in retaliation for the alleged rape of his wife by decedent. This Court has consistently held that when a defendant takes the stand and reiterates the factual narrative contained in a confession claimed to be invalid—whether for constitutional infirmities or because of violation of Rule 130, Pa.R. Crim.Pro., 19 P.S. (1975 Pamphlet)—the admission into evidence of the alleged illegal formal confession, if error at all, is harmless error beyond a reasonable doubt. See *Commonwealth v. Saunders*, 459 Pa. 677, 331 A.2d 193 (1975); *Commonwealth v. Brittain*, 455 Pa. 562, 317 A. 2d 219 (1974).

■ Our review of the record reveals sufficient evidence, given appellant's own testimony ratifying the confession and the testimony of his wife concerning his admission of the murder, for the jury to have found appellant guilty beyond a reasonable doubt.

Judgment of sentence affirmed.

NIX, J., filed a Dissenting Opinion in which MANDERINO, J., joined.

JONES, C. J., and ROBERTS, J., did not participate in the consideration or decision of this case.

NIX, Justice (dissenting).

I dissent for the reasons set forth in my dissenting opinion (joined by Justice Roberts) in *Commonwealth v. Saunders*, 459 Pa. 677, 331 A.2d 193 (1975).

MANDERINO, J., joins this dissenting opinion.