370 A.2d 298

**COMMONWEALTH of Pennsylvania**

**v.**

**Frank Lee HART, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 15, 1976.

Decided Feb. 28, 1977.

Edward G. Rendell, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On January 30, 1975, appellant, Frank Lee Hart, was convicted by a judge sitting without a jury of murder in the third degree and possession of an instrument of

crime. Postverdict motions were denied. Appellant was sentenced to a term of five-to-fifteen years' imprisonment on the murder in the third degree conviction and a concurrent term of one-to-two years' imprisonment on the possession of an instrument of crime conviction.[1]

██ Appellant first argues that the evidence was insufficient to sustain his conviction of murder in the third degree. We do not agree. The facts surrounding the homicide are as follows.[2]

On August 16, 1974, the "Redner Street Gang" and the "DeMarcos Gang" confronted each other in the DeMarcos' territory. The decedent, Ronnie Treadwell, was a member of the Redner Street Gang and appellant was a member of the DeMarcos'. An argument ensued between members of both gangs. Treadwell pointed a gun at appellant; it clicked but did not fire. Treadwell then turned away from appellant and ran. Appellant retreated to the next corner where another member of the DeMarcos Gang handed him a rifle. Appellant shot the decedent in the back. Appellant returned the rifle to the other gang member and walked away.

Having viewed the evidence in the light most favorable to the Commonwealth, we are of the opinion that the evidence was sufficient to sustain a conviction of murder in the third degree.

Appellant next argues that the court below erred in failing to suppress his confession. Appellant asserts

1. The only conviction before this court is the conviction for murder in the third degree at No. 23 September Term, 1974, Court of Common Pleas, Criminal Trial Division, of Philadelphia. No appeal was taken in the other conviction.

2. The standard of review of appellate courts in reviewing a sufficiency of the evidence claim is:
". . . 'Whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted.' . . ." *Commonwealth v. Bayard,* 453 Pa. 506, 509, 309 A. 2d 579, 581 (1973).

that the Philadelphia police lacked "probable cause" for his arrest and that his subsequent confession is tainted as the "fruit of the poisonous tree." See *Commonwealth v. Daniels*, 455 Pa. 552, 317 A.2d 237 (1974) and *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963).

The facts surrounding appellant's arrest and confession are as follows. On August 16, 1974, appellant was arrested at 8:30 a. m. The police officer who arrested him had received the information from another policeman who had interrogated an eyewitness to the shooting. This eyewitness named the gunman as "Blue." (The record is barren of any evidence of how the police connected the nickname "Blue" to the appellant, Frank Lee Hart.) The interrogating officer then requested that appellant be arrested. The appellant confessed at 9:40 a. m. on the same day.

Assuming that appellant's arrest was without probable cause, we are of the opinion that the error was harmless beyond a reasonable doubt.

Appellant took the stand in his own defense and his trial testimony reiterated the facts of his confession.

In *Commonwealth v. Cummings*, 466 Pa. 332, 353 A.2d 381 (Filed March 17, 1976), the court stated:

" . . . This court has consistently held that when a defendant takes the stand and reiterates the factual narrative contained in a confession claimed to be invalid—whether for constitutional infirmities or because of violation of Rule 130, Pa.R.Crim.P., 19 P.S. (1975 Pamphlet—the admission into evidence of the alleged illegal formal confession, if error at all, is harmless error beyond a reasonable doubt. See *Commonwealth v. Saunders*, 459 Pa. 677, 331 A.2d 193 (1975); *Commonwealth v. Brittain*, 455 Pa. 562, 317 A.2d 219 (1974)."

Judgment of Sentence affirmed.

MANDERINO, J., files a concurring opinion.

ROBERTS, J., files a dissenting opinion in which NIX, J., joins.

NIX, J., files a dissenting opinion in which ROBERTS, J., joins.

MANDERINO, Justice, concurring.

I concur in the affirmance of the judgments of sentence because I believe that the police had probable cause to arrest appellant. The suppression court therefore did not err in denying appellant's motion to suppress certain statements he allegedly made to the police following his arrest. Had there not been probable cause, I agree with Mr. Justice Roberts and Mr. Justice Nix that the error is not rendered harmless simply because the defendant subsequently took the stand and testified.

ROBERTS, Justice, dissenting.

The majority holds that, even if appellant's arrest was illegal and the statement later taken from appellant was tainted by the illegal arrest, the admission of this statement at trial was harmless error. The majority reasons that the statement was repeated when appellant took the stand in his own defense. I dissent for the reasons stated in Mr. Justice Nix' dissenting opinion in *Commonwealth v. Saunders*, 459 Pa. 677, 683, 331 A.2d 193, 195 (1975), in which I joined.

I do not believe that today's decision can be reconciled with *Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). At Harrison's first trial, the prosecution introduced three confessions into evidence. Harrison then took the stand and repeated his own version of the killing. On appeal, his conviction was reversed because the confessions were inadmissible. *Harrison v. United States*, 123 U.S.App.D.C. 230, 359 F.2d 214 (1965), on rehearing en banc, 359 F.2d 223

(1965). On remand, the case was again brought to trial before a jury. The confessions were not used, but Harrison's testimony from the first trial was admitted into evidence. The Supreme Court reversed, holding that petitioner's testimony at the first trial was inadmissible at the second trial as the fruit of the illegally procured confession:

> "As Justice Tobriner wrote for the Supreme Court of California,
>
> > 'If the improper use of [a] defendant's extrajudicial confession impelled his testimonial admission of guilt, . . . we could not, in order to shield the resulting conviction from reversal, separate what he told the jury on the witness stand from what he confessed to the police during interrogation.'
>
> [*People v. Spencer,* 66 Cal.2d 158, 164, 57 Cal.Rptr. 163, 168, 424 P.2d 715, 719–20 (1967)]
>
> .   .   .   .   .   .   .   .
>
> . . . Having 'released the spring' by using the petitioner's unlawfully obtained confessions against him, the Government must show that its illegal action did not induce his testimony."

*Harrison v. United States,* 392 U.S. at 223–25, 88 S.Ct. at 2010–11.

Here, there is no showing that appellant's testimony at trial was not induced by the admission of the statement taken from him. Therefore, under the Supreme Court's decision in *Harrison,* we cannot refuse to consider appellant's claim that the statement was illegally obtained simply because its substance was repeated by appellant's testimony. See also *Stroble v. California,* 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872 (1952) (Admission of confession is not harmless error, even though five confessions of similar substance were properly admitted into evidence).

I dissent.

NIX, J., joins in this dissenting opinion.

NIX, Justice, dissenting.

In this case, appellant was convicted of murder of the third degree and possession of an instrument of crime. He was sentenced to a term of five to fifteen years imprisonment on the murder conviction and a concurrent term of one to two years on the weapons conviction. One of the allegations of error below is that the inculpatory statement which he gave to police was improperly admitted at trial.[1] Appellant contends that since the police lacked probable cause for his arrest, his subsequent confession was, "tainted" by this illegality under the "fruit of the poisonous tree" doctrine. *Commonwealth v. Daniels,* 455 Pa. 552, 317 A.2d 237 (1974); *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The majority of this court fails to reach the merits of whether probable cause for the arrest existed. Instead my brethren conclude that even if the arrest was illegal, it was harmless error since essentially the same inculpatory information that was in the "tainted" statement was repeated at trial by the appellant when he took the stand in his own defense. I emphatically disagree that any such illegal arrest was harmless error. For the reasons stated in my dissent in *Commonwealth v. Saunders,* 459 Pa. 677, 331 A.2d 193 (1975), I would resolve the question of probable cause to determine if the confession was properly admitted.

ROBERTS, J., joins in this dissent.

---

1. Appellant also argues that the evidence was insufficient to support his conviction.