308

380 A.2d 368

COMMONWEALTH of Pennsylvania

v.

Lamont J. HARRIS, Appellant (two cases).

Supreme Court of Pennsylvania.

Submitted Jan. 13, 1977.

Decided Dec. 1, 1977.

Thomas J. McCormack, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

ROBERTS, Justice:

On February 28, 1975, a jury convicted appellant of robbery and murder of the second degree. Appellant's motion to suppress the statement here challenged was denied. Appellant was sentenced to life imprisonment on the conviction for murder of the second degree and to a concurrent term of ten to twenty years on the robbery conviction after denial of post-trial motions. A timely appeal to this Court from the judgment of sentence on the murder conviction followed.[1] The judgment of sentence on the robbery conviction was appealed to the Superior Court and thereafter ordered consolidated with the appeal before this Court.

Appellant's sole contention is that the statement obtained from appellant approximately nine hours after his arrest on May 24, 1974, should be suppressed because appellant was not rewarned of his *Miranda* rights[2] before renewal of his

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977).

2. See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

interrogation.[3] We conclude that admission of the challenged statement did not prejudice appellant and therefore affirm the judgments of sentence.

The challenged statement was given by appellant to a Detective Thornhill and consisted of non-inculpatory answers to four questions.[4] Appellant does not challenge an earlier 10-page statement which he made to a Detective Kelly. Over defense objections, the Commonwealth used the challenged statement to cross-examine appellant at trial. Detective Thornhill also testified to the four questions and answers on rebuttal.

Nothing in the challenged statement contradicted appellant's defense that he participated under duress in the crimes charged. Every material fact in the challenged statement had been admitted by appellant on direct examination before the challenged statement was introduced. Because the challenged statement was first used during cross-examination of appellant and was again introduced on rebuttal by the Commonwealth, it cannot be said that the statement impelled appellant's testimony at trial. See *Harrison v. United States,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); *Commonwealth v. Hart,* 471 Pa. 271, 370 A.2d 298 (1977) (dissenting opinions of Roberts, J. and Nix, J.);

3. Appellant has not raised any claim that his initial waiver of his *Miranda* rights was not knowing, intelligent and voluntary because he was not afforded an opportunity to consult with an attorney, parent or other interested and informed adult prior to waiving his rights. See *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1976).

4. The challenged statement, in its entirety, reads:
"Q. Lamont, how is it you came to have the eyeglasses and case in your rear pocket?
A. I don't know. The guy must have put them there when I was upstairs.
Q. Who opened the rear kitchen door, and looked out after the police arrived?
A. I did.
Q. When you looked out the dining room window, why didn't you call out?
A. I was scared.
Q. Why didn't you call out or run out to the officers?
A. I don't know."

*Commonwealth v. Saunders,* 459 Pa. 677, 331 A.2d 193 (1975) (dissenting opinion of Nix, J., joined by Roberts, J.). Appellant did not deny the essential facts contained in his earlier unchallenged statement or the contents of his answers in the challenged statement or the fact that he spoke with Detective Thornhill. The challenged statement neither impeached appellant nor contributed materially to the Commonwealth's case. Thus, we find no grounds for reversal since we cannot conclude that appellant was prejudiced by use of the challenged statement.

Judgments of sentence affirmed.

EAGEN, C. J., and MANDERINO, J., concur in the result.

O'BRIEN, J., filed a concurring opinion, in which POMEROY, J., joins.

O'BRIEN, Judge, concurring.

I concur in the result reached by the majority; however, I cannot join in its rationale.

In *Commonwealth v. Cummings,* 466 Pa. 332, 353 A.2d 381 (Filed March 17, 1976), the court stated:

". . . This court has consistently held that when a defendant takes the stand and reiterates the factual narrative contained in a confession claimed to be invalid— whether for constitutional infirmities or because of violation of Rule 130, Pa.R.Crim.P. 19 P.S. (1975 Pamphlet)— the admission into evidence of the alleged illegal formal confession, if error at all, is harmless error beyond a reasonable doubt. See *Commonwealth v. Saunders,* 459 Pa. 677, 331 A.2d 193 (1975); *Commonwealth v. Brittain,* 455 Pa. 562, 317 A.2d 219 (1974)."

See also *Commonwealth v. Hart,* 471 Pa. 271, 370 A.2d 298 (1977). As the majority points out:

". . . Every material fact in the challenged statement had been admitted by appellant on direct examina-

312

tion before the challenged statement was introduced. . . ."

I would affirm the judgment of sentence.

POMEROY, J., joins in this concurring opinion.