383 A.2d 903

**COMMONWEALTH of Pennsylvania**

v.

**Earl L. RICE, Jr., Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1977.

Decided March 23, 1978.

Reargument Denied May 16, 1978.

222

John R. Merrick, Defender, Robert Shaffer, Charles M. J. Nester, P. A., Asst. Public Defenders, for appellant.

Robert S. Gawthrop, III, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PER CURIAM:

The Court being equally divided, the judgments of sentence remain in effect.

PACKEL, J., took no part in the decision of this case.

O'BRIEN, J., files an opinion in support of affirmance, which EAGEN, C. J., and POMEROY, J., join.

ROBERTS, J., files an opinion in support of reversal.

MANDERINO, J., files an opinion in support of reversal in which NIX, J., joins.

## OPINION IN SUPPORT OF AFFIRMANCE

O'BRIEN, Justice.

Appellant, Earl L. Rice, Jr., was convicted in the Court of Common Pleas of Chester County of murder of the first degree, robbery, theft, and criminal conspiracy. He was sentenced to life imprisonment for the murder conviction, and five to ten years for the robbery conviction. No other sentence was imposed.[1] Appellant appealed the judgment of sentence for murder to this court and the judgment of sentence for robbery to the Superior Court, which certified that appeal to this court.

We will begin by reviewing the sufficiency of the evidence, as we are required to do in a case of murder of the first degree under the Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187. The evidence establishes that in the early morning of September 2, 1973, appellant, who was then seventeen, and David Milburn, another juvenile, observed the victim, Ola Danenberg, walking along the street. During their investigation, the police learned that the victim had been at a club, had had several drinks, and was staggering somewhat. She was carrying a purse containing several hundred dollars. Appellant and Milburn decided to snatch the victim's purse. They waited for her to walk past an alley and then ran toward her from behind. Appellant grabbed the purse as they ran by the victim. The victim spun around, fell and struck her head on the sidewalk, which

---

1. The court did not specify whether the sentences were to run concurrently or consecutively. In the absence of such specification, they are to run concurrently. *Halderman's Petition*, 276 Pa. 1, 119 A. 735 (1923).

caused fatal injuries. We must determine whether appellant's action constituted robbery, which in turn will determine whether his felony-murder conviction can be sustained.

At the time of the incident, the Crimes Code of 1972, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S.A. § 3701, defined robbery as follows:

"(1) A person is guilty of robbery if, *in the course of committing a theft,* he:

"(i) *inflicts serious bodily injury upon another;*

"(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

"(iii) commits or threatens immediately to commit any felony of the first or second degree.

"(2) *An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission.*" (Emphasis added.)

■ We find that the prosecution in the instant case met the requirement that it prove causation of serious bodily injury or the threat thereof by appellant. It is established that the victim fell and suffered fatal injuries when appellant grabbed her purse. These facts support a finding that appellant caused the fall and as such caused Danenberg's death. The robbery and murder convictions were therefore proper. See *Commonwealth v. Farmer,* 241 Pa.Super. 373, 361 A.2d 701 (1976). Compare *Commonwealth v. Scott,* 246 Pa.Super. 58, 369 A.2d 809 (1976).

Appellant argues that the court below erred in limiting the scope of voir dire. We do not agree.

■ Appellant submitted twenty-nine questions to be asked during voir dire.[2] The court below permitted eight

2. At the time this case was tried, May, 1974, this Commonwealth had no death penalty. See *Commonwealth v. Truesdale,* 449 Pa. 325, 296 A.2d 829 (1972). The then-applicable Pa.R.Crim.P. 1107 provided discretion in the trial judge to allow individual or collective voir dire. Appellant did not object to collective rather than individual voir dire. Questions 1–11 submitted by defense counsel dealt with personal

questions. The prospective jurors were asked whether they knew:

1. The defendant,
2. Witnesses
3. Attorneys
4. Any law enforcement officials.

The jurors were also questioned about whether they knew anything about the case, whether they had ever been a victim of a crime, and whether they had previously been jurors. The court further interrogated the prospective jurors as to whether they could render a fair and impartial verdict, follow the instructions of the trial judge, and regard appellant as innocent until proven guilty. The defense was allowed to inquire whether any veniremen would give police testimony more weight and credence than that of non-police testimony.

In *Commonwealth v. Futch*, 469 Pa. 422, 366 A.2d 246 (1976), we stated:

"The singular purpose of voir dire examination is to secure a competent, fair, impartial and unprejudiced jury. In pursuit of that objective, the right of a litigant to inquire into bias or any other subject which bears on the impartiality of a prospective juror has been generally recognized. Nevertheless, the scope of voir dire examination rests in the sound discretion of the trial judge and his decisions will not be reversed unless there is an abuse of that discretion. *Commonwealth v. Brown,* 464 Pa. 625, 347 A.2d 716, 717 (1975); *Commonwealth v. Segers,* 460 Pa. 149, 156, 331 A.2d 462, 466 (1975); *Commonwealth v. Dukes,* 460 Pa. 180, 186–187, 331 A.2d 478, 481 (1975); *Commonwealth v. Johnson,* 452 Pa. 130, 134–135, 305 A.2d 5, 7 (1973); *Commonwealth v. Biebighauser,* 450 Pa. 336, 346, 300 A.2d 70, 75 (1973); *Commonwealth v. Lopinson,* 427 Pa. 284, 297–298, 234 A.2d 552, 560–561 (1967); *Commonwealth v. McGrew,* 375 Pa. 518, 525–526, 100 A.2d 467, 470 (1953)."

background, i. e. age, education, marital status and residency. We find no abuse of discretion in not allowing those questions.

Our review of the record reveals that the areas of concern to defense counsel in twenty-nine proffered questions were adequately covered in the voir dire and we find no abuse of discretion.

■ Appellant argues that a statement he gave to the police was erroneously admitted into evidence. Appellant said in the statement that he and Milburn saw the victim walking along the street and staggering, that they decided to snatch her purse, that he grabbed it as they ran past her, and that she fell down. Defense counsel did not move to suppress the statement prior to trial. However, the court held a hearing and ruled on its validity out of the presence of the jury before admitting the statement, pursuant to *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). It may do so if the interests of justice require. Pa.R.Crim.P. 323(b). Appellant argues that the statement was not given voluntarily and that he did not have the opportunity to consult with an informed adult acting in his interests before giving the statement. Such consultation was required because appellant was a juvenile. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).

Assuming, *arguendo*, that the confession was suppressible because of a violation of this court's juvenile confession rules, appellant in the instant case testified at trial to all of the facts contained in his formal confession rendering the error harmless.

This court in *Commonwealth v. Bridges*, 475 Pa. 535, 381 A.2d 125 (1977), in considering the same fact situation as in this case, stated:

"In *Commonwealth v. Hart*, 471 Pa. 271, 370 A.2d 298 (1977), this court, in citing *Commonwealth v. Cummings*, 466 Pa. 332, 353 A.2d 381 (1976), stated:

" ' " . . . This court has consistently held that when a defendant takes the stand and reiterates the factual narrative contained in a confession claimed to be invalid—whether for constitutional infirmities or because of violation of Rule 130, Pa.R.Crim.P., 19 P.S. (1975 Pamphlet—the admission into evidence of the

alleged illegal formal confession, if error at all, is harmless error beyond a reasonable doubt. See *Commonwealth v. Saunders,* 459 Pa. 677, 331 A.2d 193 (1975); *Commonwealth v. Brittain,* 455 Pa. 562, 317 A.2d 219 (1974)." ' [2]

"[2] The instant case is factually distinguishable from *Harrison v. United States,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). In *Harrison,* the United States Supreme Court found that the use of a constitutionally defective confession 'impelled' the Defendant in that case to take the witness stand after his defense counsel stated that his client would invoke his Fifth Amendment right. In the instant case, appellant's defense was one that he did not have the requisite intent necessary for imposition of criminal responsibility in connection with Flowers' death. This record is devoid of any fact showing any impulsion on the appellant to testify by the use of his confession."

As in *Bridges,* there is nothing in this record showing that appellant's decision to testify was "impelled" by the use of his confession. Therefore, the error is harmless beyond a reasonable doubt. *Bridges, supra.*

Appellant next alleges that trial counsel was ineffective in three instances. We do not agree and will discuss each of the allegations of ineffective assistance of counsel separately.

In *Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352 (1967), we stated:

" . . . our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effec⁺uate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Emphasis in original.)

We have also held that counsel is not ineffective for failing to raise baseless or frivolous issues. *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974), and that appellant must be prejudiced by his counsel's action. *Moore v. United*

*States,* 432 F.2d 730 (3d Cir. 1970). With this standard in mind, we will discuss appellant's claims concerning his trial counsel's effectiveness.

Appellant's first allegation of ineffective assistance of counsel deals with trial counsel's failure to file a pretrial suppression motion.

 Appellant was not prejudiced by his defense counsel's failure to file a pretrial suppression motion as the court below interrupted the trial and conducted a hearing outside the presence of the jury on the voluntariness of appellant's confession and its admissibility. See *Jackson v. Denno, supra.*

 Appellant's next claim of ineffective assistance of counsel is based on trial counsel's failure to call him as a witness at the *Jackson-Denno* hearing, but calling him as a witness at trial. Appellant has not articulated any prejudice to him that resulted from his failure to testify at the *Jackson-Denno* hearing, nor has he indicated what testimony he would have given at that hearing. Moreover, trial counsel cannot be deemed to be ineffective for putting appellant on the stand at trial. The Commonwealth's evidence was sufficient to establish appellant's guilt. It was a rational and reasonable defense strategy to put appellant on the stand. Appellant did not testify to anything that was not already in the record. Appellant's testimony centered on his denial of any intent to harm the victim and on the issue of the voluntariness of his confession. We find that counsel was not ineffective.

 Appellant's third allegation of ineffective assistance of counsel relates to counsel's failure to object to the portion of the trial judge's charge that instructed the jury that if they found appellant guilty of murder of the first degree, they would retire to the juryroom to determine the penalty. The relevant portion of the charge is:

" . . . If, on the other hand, you return a verdict of first degree murder, your further duty is to fix the penalty after hearing some additional testimony on evidence and further instructions from the Court. In other

words, if you find the defendant guilty of murder of the first degree you will return that verdict to us here in open court together with your verdicts on the other charges and then, after it has been recorded, we will proceed to have a further proceeding where evidence may be offered and certain other instructions given to you and you will then return to the deliberating room in order to fix the penalty. After, you would then return to the courtroom again and then announce the penalty you have agreed upon. You will not be concerned with a penalty in arriving at your original verdict but you will concentrate on the guilt or innocence of the defendant. It is only if you find the defendant guilty of murder of the first degree that further proceedings will take place with respect to penalty."

Appellant's complaint is that since the United States Supreme Court, in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), abolished the death penalty, the trial judge's charge misled the jury, when he referred to the jury's having to retire after the verdict to determine the penalty. We do not agree that the above-instructions prejudiced appellant.

After the verdict of murder of the first degree was returned, the trial judge instructed the jury that the punishment was limited to life imprisonment.

Appellant does not allege that the charge tainted the jury's determination of guilt or innocence; therefore, absent any allegation of prejudice, we cannot find that counsel was ineffective in failing to object. See *Commonwealth v. Rice, supra,* and *Moore v. United States, supra.*

Judgments of sentence affirmed.

PACKEL, J., took no part in the decision of this case.

EAGEN, C. J., and POMEROY, J., join in this opinion.

## OPINION IN SUPPORT OF REVERSAL

ROBERTS, Justice.

For the fifth time since 1975, this Court refuses to comply with the constitutional principle established in *Harrison v.*

*United States,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968), and holds that introduction of a constitutionally infirm confession is harmless error when the accused subsequently testifies to the facts contained in the confession. See *Commonwealth v. Bridges,* 475 Pa. 535, 381 A.2d 125 (1977) (Roberts and Manderino, JJ., dissenting); *Commonwealth v. Hart,* 471 Pa. 271, 370 A.2d 298 (1977) (Roberts, J., joined by Nix, J., dissenting); *Commonwealth v. Cummings,* 466 Pa. 332, 353 A.2d 381 (1976) (Nix, J., joined by Manderino, J., dissenting); *Commonwealth v. Saunders,* 459 Pa. 677, 331 A.2d 193 (1975) (Nix, J., joined by Roberts, J., dissenting).

> In *Harrison,* the United States Supreme Court stated: "The remaining question is whether the petitioner's trial testimony was in fact impelled by the prosecution's wrongful use of his illegally obtained confessions. It is, of course, difficult to unravel the many considerations that might have led the petitioner to take the witness stand . . . . But, having illegally placed his confessions before the jury, the Government can hardly demand a demonstration by the petitioner that he would not have testified as he did if his inadmissible confessions had not been used. . . . Having 'released the spring' by using the petitioner's unlawfully obtained confessions against him, the Government must show that its illegal action did not induce his testimony."

392 U.S. at 224–25, 88 S.Ct. at 2011. Here, the Commonwealth has not even attempted to show that its illegal action did not induce appellant's testimony. I therefore dissent.

### OPINION IN SUPPORT OF REVERSAL

MANDERINO, Justice.

The opinion in support of affirmance states that even if appellant's confession was improperly admitted into evidence at trial because it was obtained without giving appellant the opportunity to consult with counsel or an informed, interested adult, *see Commonwealth v. McCutcheon,* 463 Pa. 90, 343 A.2d 669 (1975), the error was harmless beyond a

reasonable doubt because appellant's trial testimony repeated the substance of the confession. Once again I must disagree with such a result for the reasons stated in the dissenting opinion of Mr. Justice Roberts in *Commonwealth v. Bridges,* 475 Pa. 535, 381 A.2d 125, 130–31 (1977) (Roberts & Manderino, JJ., dissenting), and the dissents of Mr. Justice Nix and Mr. Justice Roberts in *Commonwealth v. Hart,* 471 Pa. 271, 370 A.2d 298 (1977); *see also id.* 471 Pa. at 275, 370 A.2d at 300 (Manderino, J., concurring).

I would reverse the judgments of sentence and grant appellant a new trial.

NIX, J., joins in this opinion in support of reversal.