405 A.2d 940

**COMMONWEALTH of Pennsylvania**

v.

**Arnold T. HENDERSON, Appellant.**

Superior Court of Pennsylvania.

Argued May 7, 1979.

Decided June 5, 1979.

*Waldman, supra,* as to agreements to extend under Pa.R.Crim.P. 1100(c).

520

John R. Merrick, Public Defender, Susan J. Gilhooly, Assistant Public Defender, West Chester, for appellant.

Robert C. Houpt, Chief Deputy District Attorney, West Chester, for Com., appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

■■■ Appellant, a juvenile, was found guilty of murder of the first degree by a jury. On this direct appeal, he contends *inter alia*[1] that the lower court erred in not sup-

---

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

1. Appellant also contends that the lower court erred in (1) not granting a dismissal of the bill of indictment when the Commonwealth failed to file requested bill of particulars in a timely fashion, (2) allowing the Commonwealth to file a supplemental bill of particulars, and (3) refusing further *voir dire* of three jurors to determine whether they were exposed to a prejudicial news broadcast. We conclude that the first two contentions lack merit. Pa.R.Crim.P. 221 (now repealed) stated that the Commonwealth "should" answer a request for a bill within two days. Although the Commonwealth did not serve its bill until eight days after the request, appellant's trial did not commence until two weeks after such service, thus providing adequate time for the preparation of appellant's defense. *Compare Commonwealth v. Albanesi,* 234 Pa.Super. 111, 338 A.2d 610 (1975). Therefore, because the time limit for serving a bill of particulars was not mandatory and because no prejudice was shown, we conclude that the lower court did not abuse its discretion in denying appellant's application to dismiss the indictment. Similarly, we find no abuse of discretion in permitting the Commonwealth to file a supplemental bill. The supplement merely allowed the Commonwealth to state in one paragraph those felonies already mentioned in the bill with which appellant was being tried on a felony-murder theory. However, appellant's request indicates he knew that the Commonwealth would proceed on felony-murder. Because no prejudice resulted, we find no abuse of discretion. Because we are remanding for new trial on the issue of appellant's written statement, we need not and do not reach the merits of appellant's last contention.

pressing his written statement because he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights. We conclude that this contention is meritorious and, accordingly, reverse and remand for new trial.

Appellant, 15 years old, was arrested on September 3, 1975, and taken to the state police barracks. He arrived there at approximately 2:00 a. m. and gave the statement at approximately 6:00 a. m. Between appellant's arrival and his giving of the statement, police, who knew appellant was a juvenile contacted appellant's parents. The parents refused to go to the barracks.[2] A trooper went to the parents' home where they again refused to go to the barracks where appellant was being held. The trooper explained their son's rights to the parents, and they executed a written waiver. Later, the police advised appellant that his parents were not present and showed him the written waiver. Appellant responded that he had not requested his parents' presence and, after being warned of his rights, waived his *Miranda* rights and gave police the statement at issue.

*Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977) controls the instant case. In holding there that a juvenile's waiver cannot be effective absent consultation with an interested adult, our Supreme Court specifically stated:

"In *Roane*, [*Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286] we first articulated the concept that an attempted waiver of the Fifth and Sixth Amendment rights during custodial interrogation will not be considered as being effective absent a showing that the minor 'had access to the advice of a parent, attorney or other adult who was primarily interested in his welfare.' *Id.*, 459 Pa. at 394, 329 A.2d at 288. It was never the intention to exclude the requirement of interest simply because the consulting adult was a parent of the minor. To the contrary, it was assumed that the relationship would assure the requisite concern for the wel-

2. Specifically, appellant's step-father stated, "Oh, I don't want nothing to do with that boy. I'm not coming to the barracks."

fare of the minor. However, that assumption does not justify the creation of an irrebuttable presumption of interest by a parent. Where, as here, the disinterest of the parent is graphically demonstrated, it is clear that [the parent] was not the interested adult envisioned in the rule. If the adult is one who is not concerned with the interest of the minor, the protection sought to be afforded is illusory and the procedure fails to accomplish its purpose of offsetting the disadvantage occasioned by the immaturity.

.     .     .     .     .

"Lastly, this alleged waiver is also ineffective because the minor was not in fact provided an opportunity for consultation. The Commonwealth's position erroneously focuses upon the opportunity afforded the adult. They assumed that the parent's disinterest can be translated into a waiver by a minor. This assumption completely misconstrues both the Fifth and Sixth Amendment privileges and the objectives sought to be achieved by our case law. These rights are personal to the accused and therefore may only be waived by him, not the adult. Providing an opportunity for consultation with an adult seeks to insure that the juvenile is provided a means by which he can make an informed choice with respect to his rights. Here, the opportunity to confer was denied because of [the parent's] unilateral decision not to participate." (footnotes omitted). *Id.*, 472 Pa. at 500, 372 A.2d at 801–02.

We conclude from our review of the record that appellant's statement should have been suppressed on the basis of *Smith.*

Judgment of sentence reversed[3] and case remanded for new trial.

---

**3.** The Commonwealth argues harmless error in admitting the inculpatory statement citing *Commonwealth v. Hart,* 471 Pa. 271, 370 A.2d 298 (1977), which held harmless error in admitting a statement of an accused if he testifies to the same facts at trial as in the statement. *Hart* is inapposite in this instant case and thus unpersuasive.