412 A.2d 623

**COMMONWEALTH of Pennsylvania**

v.

**Mack DEWITT, Appellant.**

Superior Court of Pennsylvania.

Submitted July 16, 1979.

Filed Oct. 19, 1979.

Jonathan R. Black, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

Mack Dewitt was tried nonjury and convicted of third degree murder and possessing instruments of crime. Post trial motions were dismissed, and Dewitt was sentenced to terms of imprisonment totalling not less than six nor more than sixteen years. On appeal, he argues that his written confession was rendered involuntary by his prior ingestion of alcohol and drugs. Because there is no merit in this contention, we affirm.

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

On June 30, 1976, Tyrone Woodson, a seventeen-year-old boy, was killed as a result of a shotgun wound. His sister, an eyewitness to the shooting, identified appellant as the killer. Later that day, police took appellant into custody at his home, where they found him asleep. He was removed to the homicide division where he was advised of his *Miranda* rights. Appellant affirmatively waived those rights and gave a written statement in which he implicated himself in the shooting but asserted that the discharge of the shotgun had been accidental.

Appellant's trial counsel filed a pre-trial motion to suppress this statement, and an evidentiary hearing was held. The trial court found that appellant knowingly, intelligently, and voluntarily had waived his *Miranda* rights and had given a statement. The court, therefore, refused appellant's suppression request. This ruling was not specifically challenged in post trial motions and normally would not have been preserved for appellate review. See: *Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978); *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975); *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975); Pa.R.Crim.P. 1123(a).

Appellate counsel, who was not trial counsel, contends, however, that trial counsel was ineffective for failing to preserve this issue in post trial motions. Having considered this issue, we find that counsel was not ineffective. In the first place, evidence produced at the suppression hearing revealed that at the time of his interrogation appellant was not intoxicated, but alert, responsive to questioning, and aware of his rights in relation to his arrest. Moreover, intoxication by the use of drugs or alcohol is insufficient, in and of itself, to render a defendant's confession involuntary. Although intoxication is a factor to be considered, the test is whether there was sufficient mental capacity for the defendant to know what he was saying and to have voluntarily intended to say it. *Commonwealth v. Firth*, 479 Pa. 333, 388 A.2d 683 (1978); *Commonwealth v.*

*Taylor*, 472 Pa. 1, 370 A.2d 1197 (1977); *Commonwealth v. Cornish*, 471 Pa. 256, 370 A.2d 291 (1977); *Commonwealth v. Culberson*, 467 Pa. 424, 358 A.2d 416 (1976); *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974). In this case, there was abundant evidence to support the suppression court's finding that appellant's confession had been given knowingly, intelligently and voluntarily.

■ Additionally, at trial appellant took the stand and again admitted firing the gun which killed Tyrone Woodson. He testified that he had waved the gun at the decedent and others to frighten them and that discharge had been accidental. Where an accused's trial testimony is substantially the same as a challenged pre-trial statement, the admission into evidence of an otherwise suppressible statement would, even if error, be harmless. *Commonwealth v. Hart*, 471 Pa. 271, 370 A.2d 298 (1977); *Commonwealth v. Saunders*, 459 Pa. 677, 331 A.2d 193 (1975).

For these reasons, pursuing the issue of the voluntariness of appellant's confession in post trial motions would have been futile. Counsel cannot be declared ineffective for failing to pursue meritless claims. *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978); *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974).

The judgments of sentence are affirmed.

NIX, J., files a concurring opinion.

NIX, Judge, concurring:

I agree with the result reached in the opinion of Judge Wieand, however, I cannot accept the alternative holding of harmless error. *See Commonwealth v. Hart*, 471 Pa. 271, 277, 370 A.2d 298, 301 (1977) (Nix, J. dissenting opinion joined by Roberts, J.); *Commonwealth v. Saunders*, 459 Pa. 677, 683, 331 A.2d 193, 195 (1975) (Nix, J., dissenting opinion joined by Roberts, J.).