358 A.2d 416
**COMMONWEALTH of Pennsylvania**
v.
**Lawrence CULBERSON, Appellant (two cases).**

Supreme Court of Pennsylvania.
Argued Oct. 24, 1975.
Decided March 17, 1976.
Rehearing Denied June 24, 1976.

426

---

Pepper, Hamilton & Scheetz, William J. O'Brien, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellant, Lawrence Culberson, was tried before a jury and convicted of murder of the first degree, robbery and burglary for the shooting death of one John Morris in the victim's grocery store in the City of Philadelphia. Post-verdict motions were filed and denied. Following imposition of sentence of life imprisonment on the murder conviction, a direct appeal was taken to this Court pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970. P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202.[1]

■ Appellant first contends that his inculpatory statements to police were the product of an unnecessary delay between arrest and arraignment, and their subsequent admission into evidence violated the mandate of

---

1. Appellant also received a concurrent five to ten year sentence on the robbery indictment and a suspended sentence on the burglary bill. These matters were appealed to the Superior Court and certified to this Court for consolidation and consideration with the appeal of the murder conviction.

*Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). Although this suppression hearing occurred a year and a half after our decision in *Futch, supra,* the issue was not raised either at the suppression hearing or the trial and therefore has not been properly preserved for our consideration.

> "We will not pass on this contention, for the issue has not been properly preserved for appellate review. Appellant's suppression hearing took place one year after our decision in *Commonwealth v. Futch, supra,* but the claim of unnecessary delay was not raised until appellant filed his post-verdict motions. The court below was thus denied the opportunity to protect the trial proceedings from the alleged error. We have consistently held that failure to raise an issue below in a timely manner forecloses review at the appellate stage. *Commonwealth v. Tucker,* Pa., —— A.2d —— (1974); *Commonwealth v. Segers,* Pa., [460 Pa. 149,] 331 A.2d 462 (1974); *Commonwealth v. Johnson,* Pa., [457 Pa. 554,] 327 A.2d 632, 634–635 (1974); *Commonwealth v. Blagman,* Pa., 326 A.2d 296, 300 (1974) (concurring opinion of Roberts, J., speaking for a majority of the Court)."

*Commonwealth v. Wright,* 460 Pa. 246, 332 A.2d 809, 811 (1975).

 Next, it is urged that the confession was involuntary and should have been suppressed. Specifically, appellant maintains that his use of marijuana prior to the time of his arrest and questioning negated his ability to voluntarily and intelligently waive his *Miranda* [2] rights before making an inculpatory statement. In an analogous situation, this Court has stated "intoxication is a factor to be considered, but it is not sufficient, in and of itself to render the confession involuntary." *Com-*

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

*monwealth v. Jones,* 457 Pa. 423, 432–33, 322 A.2d 119, 125 (1974). The test is whether there was sufficient mental capacity for the defendant to know what he was saying and to have voluntarily intended to say it. *Commonwealth v. Smith,* 447 Pa. 457, 460, 291 A.2d 103, 105 (1972). We believe this standard is equally applicable to those instances where an accused was allegedly under the influence of drugs or narcotics at the time of his interrogation by police officials. See *United States ex rel. Sadler v. United States,* 315 F.Supp. 1377, 1378–79 (E.D. Pa.1970). See also *Commonwealth v. Eden,* 456 Pa. 1, 317 A.2d 255 (1974).

■■ The burden to prove a valid waiver by a preponderance of the evidence is upon the Commonwealth. *Commonwealth v. Fogan,* 449 Pa. 552, 296 A.2d 755 (1972). A review of the record discloses that at the suppression hearing Detective Porter testified for the Commonwealth that when he arrested appellant and the other suspects, he smelled an odor which he believed to be marijuana but did not observe any of the individuals smoking marijuana. Porter further testified that he was acquainted with the effects of marijuana but appellant exhibited none of the usual symptoms. Rather, the detective stated that Culberson appeared normal, alert and responsive to questions. After both the oral and written statements, appellant informed Porter that the confession was freely given and he was not under the influence of drugs or alcohol. This evidence supports the factual findings of the suppression court and we therefore conclude that the confession was voluntarily given and admissible at trial.[3] See *Commonwealth v. Goodwin,* 460 Pa. 516, 522, 333 A.2d 892, 895 (1975). Moreover, the question of voluntariness was again raised at trial and submitted to the jury for their consideration. As the

---

3. Appellant also suggests that his confession was involuntary because of physical coercion by police. Our review of the record convinces us that this argument is also without merit.

triers of fact they were free to accept or reject, in whole or in part, the testimony of any witness. Apparently, the jury chose to disbelieve appellant's testimony and on appeal, this Court will not disturb that determination. *Commonwealth v. Thomas,* 465 Pa. 442, 350 A.2d 847 (Filed January 1976); *Commonwealth v. Hampton,* 462 Pa. 322, 325, 341 A.2d 101, 103 (1975).

Third, citing *Commonwealth v. Carter,* 427 Pa. 53, 233 A.2d 284 (1967), appellant claims error by the trial court in denying him an opportunity to cross-examine Detective Grace about the identity of an informant. We believe this reliance is misplaced. *Carter, supra* involved the question of the prosecution's duty to make available to the defense the names of all material eyewitnesses, including confidential informants. In that case, an informant had introduced an undercover agent to appellant and purchased drugs for the agent. In reversing the conviction, this Court held that since the informer was the only material eyewitness to the transaction besides the police and the accused, and the defense consisted solely of appellant's claim of mistaken identity, the privilege of anonymity must yield. Under those specific facts, the Court believed the disclosure of the informant's identity would be relevant and helpful to the defense and was essential to a fair determination of the cause. *Carter, supra* at 59, 233 A.2d 284. See generally, *Commonwealth v. Garvin,* 448 Pa. 258, 266–268, 293 A.2d 33, 37–38 (1972).

This case does not present the compelling situation that we were faced with in *Carter, supra.* First, it was never established that the informant was an eyewitness to the crime. Second, the only information supplied by this informant was that Clarence Owens, a co-defendant in this case, along with two other individuals, was involved in the murder. This informant did not in any way supply information to the police regarding appellant's participation.

Accordingly, we conclude that the failure to identify the anonymous informant did not deprive appellant of a fair trial nor did it prevent him from preparing his defense.

 Finally, it is asserted that the trial court erred in refusing appellant's requested points for charge. No objection was raised or exception taken before the jury retired to deliberate. Appellant is now precluded from raising this issue on appeal. *Commonwealth v. Mc-Donald*, 459 Pa. 17, 326 A.2d 324 (1974); *Commonwealth v. Waltington*, 452 Pa. 524, 306 A.2d 892 (1973). See also Pennsylvania Rules of Criminal Procedure 1119(b).

Judgment of sentence affirmed.

EAGEN, J., concurs in result.