421 A.2d 729

COMMONWEALTH of Pennsylvania

v.

George STEVENSON, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Sept. 23, 1980.

Petition for Allowance of Appeal Denied Jan. 6, 1981.

294

Stephen F. Ritner, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

George Stevenson, appellant, was tried and convicted by a jury in the Court of Common Pleas of Philadelphia of simple assault and rape.[1] Judgments of sentence of not less than ten nor more than twenty years imprisonment and two years probation were imposed. This appeal followed.

■ Stevenson argues the court's charge to the jury "excluded and ignored crucial, material facts which were the basis of the defense case." In support of the argument, Stevenson refers to two sections of the court's charge and details the evidence said to have been ignored by the court. We need not consider the merits of this argument as no objection to the charge on this ground was made at trial and, hence, the issue is waived. *Commonwealth v. Riggins*, 478 Pa. 222, 386 A.2d 520 (1978); Pa.R.Crim.P. 1119.

Stevenson argues that the following portion of the court's charge to the jury was erroneous:

"Now with respect to the verdict, it must be unanimous, the Jury's verdict must be unanimous to be valid."

Counsel objected to this portion of the charge, and, according to Stevenson's brief filed with this appeal, requested the following instruction be given to correct the error.

"Your verdict has to be unanimous, all twelve of you have to agree on a verdict of guilty or not guilty. That does not mean that you cannot have your own opinion. Discuss your opinion amongst yourselves and try to resolve those opinions if there is a difference of opinion. If there is not then no resolution is necessary."

Stevenson asserts that, since the requested instruction was not given by the court, "the jury was left with the mistaken impression that if they did not have a unanimous verdict, it would not be valid."

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. The court granted a demurrer to a charge of theft by extortion, and the jury returned a not guilty verdict on a robbery charge.

■ Stevenson overlooks the fact that the requested instruction was given during the charge just prior to the allegedly erroneous instruction. More precisely, the requested instruction appears two pages before the allegedly erroneous instruction in the trial record. Moreover, reading the charge as a whole, as we must, *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975), we are convinced the jurors were not misled into thinking they must give up their individual opinions as to guilt or innocence.

Next, Stevenson argues the trial court made "unfair and prejudicial comments" in that it asked questions "that were calculated to emphasize evidence damaging to the defendant." Stevenson makes reference to four specific incidents during trial. Of the four, we need only consider two since, in the other two instances, no objection to the court's questions was entered. *Commonwealth v. Culberson*, 467 Pa. 424, 358 A.2d 416 (1976).

First, during cross–examination of a police officer by defense counsel, the following occurred:

"Q. Did you yourself take a statement from Miss Halstead [the victim]?

"A. Yes, I did.

"Q. Did you record that statement in writing; did you write it down?

"A. Exactly, the initial report what she told me I wrote it down.

"Q. Would that be on the 48 [previously referred to in testimony as a 7548 form]?

"A. Yes, sir.

"The court: In other words, what she told you then you put on that 7548, which is the complaint form?

"The witness: Yes, sir.

"The court: In other words, a person comes up to you, a citizen or resident comes up to you and makes a complaint to you, you take out I guess it's a three by five pad?

"The witness: I have one right here if you want to see it, right here."

Defense counsel interrupted, asked to see the court at side-bar, and entered an objection to the court's questions. Stevenson argues the court's questions emphasized "defendant's culpability and, in this instance, destroy[ed] the line of questioning being pursued by defense counsel."

■ We fail to understand how the court's questions about a police form emphasized culpability. To the contrary, the court's questions were clearly meant to clarify for the jury that defense counsel's reference to a "48" represented the same document earlier referred to as a "7548" and to clarify for the jury just what that form was and how it was used.

> " 'It is always the right and sometimes the duty of a trial judge to interrogate witnesses, although, of course, questioning from the bench should not show bias or feeling nor be unduly protracted.' "

*Commonwealth v. Brown*, 438 Pa. 52, 63, 265 A.2d 101, 107 (1970) quoting *Commonwealth v. Watts*, 358 Pa. 92, 96, 56 A.2d 81, 83 (1948). Here, as in *Commonwealth v. Brown*, supra, the court showed no bias or feeling, was not protracted in its questioning, and merely sought to clarify the testimony for the jury.

Second, during direct examination of Rosita Santiago, record custodian for Philadelphia General Hospital, she used the term "spermatozoa." Immediately thereafter, the prosecutor indicated he had no further questions, and defense counsel indicated he had none. The following then occurred:

> "The court: Just one question, the court would like to clarify. Spermatozoa is the plural of sperm; is it not?
> "The witness: Yes, sir.
> "The court: In other words, it means a lot of sperm?
> "The witness: Yes, sir.
> "The court: That's all."

Defense counsel objected to the court's questions. Stevenson argues the questions sought to "bias the jury in favor of the complainant and against the defendant–to give the impression of an overt, forcible sexual act."

■ We can hardly agree with such exaggerated claims. The court's questions were obviously meant to clarify a

technical term for the jury and did not indicate bias.[2] *Commonwealth v. Brown,* supra.

Next, Stevenson argues his right to examine two witnesses was unduly limited.

First, during direct examination, Detective Verb testified that, as a result of information the police obtained, he took the victim to Stevenson's residence; that he and the victim entered the residence; that Stevenson's fiancee summoned him from the upstairs; that, when Stevenson came downstairs, the victim identified him; and, that he then arrested Stevenson. During cross–examination, defense counsel, after establishing Verb told Stevenson he was being arrested for rape, asked Verb whether, at the time of the arrest, Stevenson denied the rape or not and whether Verb took a statement from Stevenson. Objections to both questions were entered and sustained by the court.

Stevenson argues that, while the answers would have been hearsay, the testimony was nonetheless admissible under the res gestae exception to the hearsay rule. More specifically, Stevenson argues the testimony was admissible because Stevenson's statements to Verb constitute excited utterances.

"To come within the excited utterance exception to the hearsay rule, a statement must be:

'. . . a spontaneous declaration by a person whose mind has been suddenly made subject to an over–powering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.' *Allen v. Mack,* 345 Pa. 407, 410, 28 A.2d 783, 784 (1942)."

**2.** Stevenson's brief, citing Webster's New Collegiate Dictionary, Copyright 1975, by G & C Merriam Co., asserts the questions resulted in an incorrect definition of the term spermatozoa. But, Webster's New International Dictionary, 2nd ed. unabridged, defines sperm as a spermatozoon or spermatozoid, and gives the plural of spermatozoon as spermatozoa.

*Commonwealth v. Pronkoskie*, 477 Pa. 132, 137, 383 A.2d 858 (1978).

■ Stevenson asserts the arrest for rape was a sufficiently unexpected and shocking occurrence to satisfy that requirement of the rule.

"[A] statement made by the defendant upon being arrested, [has] been admitted as res gestae, although the danger of self–serving statements in such cases is obvious unless the questioning or the arrest follows the commission of the crime so closely that there is little or no time for reflection and possible contrivance or fabrication." [Footnote omitted.]

2 Wharton's Criminal Evidence § 297 (13th ed. 1972). Instantly, the arrest occurred about four and one–half hours after the crime. Thus, the danger that the statements were self–serving is great. But we need not decide the issue on this basis alone because

"[i]n all cases the ultimate question is whether the statement was the result of reflective thought or whether it was rather a spontaneous reaction to the exciting event. Initially, of course, it is necessary that the declarant be affected by the exciting event."

McCormick on Evidence § 297 (2nd ed. 1972). Following the objections and rulings by the court sustaining the objections, defense counsel merely proceeded with further questions. Counsel did not make an offer of proof or otherwise attempt to lay a foundation which would show Stevenson was "affected by the exciting event," assuming an arrest might be so considered. Hence, on this record, we have neither a circumstantial showing that Stevenson was excited by the arrest nor the statement itself which would indicate excitement by its content. Thus, we conclude the trial court did not unduly limit cross–examination in this instance.

Second, Stevenson asserts he was unduly limited in his direct examination of Detective Cantz. Cantz testified that he conducted a search of Stevenson's residence; that he confiscated a black suit during the search; and, that the

black suit was subjected to chemical analysis. When defense counsel asked what the results of the test were, the prosecutor objected. The basis of the objection was relevance because it had not been established that the suit was the one worn by Stevenson at the time of the crimes. The court agreed and sustained the objection.

At the time the objection was raised, no evidence had been introduced to establish the black suit which was confiscated pursuant to the search was the same one worn by Stevenson the night of the crimes. Indeed, the day before the defense called Cantz, in a discussion with the court, defense counsel indicated he had a witness who would identify the suit as having been worn by Stevenson and, after Cantz testified, that witness did so identify the suit.

▌ Under the circumstances, we agree with the trial court that the results of the chemical tests were irrelevant absent a showing that the suit was worn by Stevenson. *Commonwealth v. Stewart*, 461 Pa. 274, 336 A.2d 282 (1975). Counsel could have asked the court to allow the question based on an offer to establish by a subsequent witness that Stevenson had worn the suit, but did not. Furthermore, counsel could have sought to recall Cantz after the suit was properly identified, but did not.

Judgments of sentence affirmed.