J-S59026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE CULBERSON, | : | |
| | : | |
| Appellant | : | No. 21 EDA 2018 |

Appeal from the PCRA Order November 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0613161-1973

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY LAZARUS, J.:                **FILED MARCH 14, 2019**

Lawrence Culberson appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 19, 1974, a jury convicted Culberson of first-degree murder, burglary and robbery.  The trial court sentenced him to life imprisonment without parole.  The Supreme Court of Pennsylvania affirmed his judgment of sentence on direct appeal.  ***See Commonwealth v. Culberson***, 358 A.2d 416 (Pa. 1976).

Culberson filed a *pro se* PCRA petition on August 20, 2012.  The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing.  Culberson filed a response and, thereafter, the PCRA court dismissed the petition.  Culberson filed a direct appeal.  This Court remanded for

appointment of counsel because the August 20, 2012 petition was Culberson's first attempt to obtain post-conviction relief. **See Commonwealth v. Culberson**, 371 EDA 2016 (Pa. Super. March 21, 2016) (unpublished memorandum).

On remand, the PCRA court appointed counsel. Counsel filed a "no-merit" letter and a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley,** 550 A.2d 213 (Pa. Super. 1988) (en banc). After an independent review of the record, the PCRA court determined Culberson's petition was decades late and no exception to the one-year time-bar applied. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). The PCRA court dismissed Culberson's petition, and this timely appeal followed.

Culberson contends his petition can be reviewed based upon the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012). In **Miller**, the Supreme Court recognized a constitutional right for juveniles under the age of eighteen, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465. In **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), the Court made its holding in **Miller** retroactive.

Culberson acknowledges he was over the age of 18[1] at time of offense. He argues, however, that under "immature brain" theory, *Miller* should be extended to offenders between the ages of eighteen and twenty-one. This claim has been rejected by this Court. *See Commonwealth v. Lee*, 2019 PA Super 64 (Pa. Super. 2019) (en banc) (holding defendant, who was over age 18 at the time of her offense, could not invoke *Miller* to overcome the PCRA time-bar); *see also Commonwealth v. Montgomery*, 181 A.3d 359 (Pa. Super. 2018 (en banc); *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

The PCRA court, therefore, properly rejected Culberson's effort to extend *Miller* to satisfy the new constitutional rule exception to the PCRA time-bar. 42 Pa.C.S.A. § 9545(b)(1)(iii). We find no error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/19

---

[1] Culberson was 18 years and 4 months old at the time of the crime.