J-S39042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY D. PALSON | : | |
| | : | |
| Appellant | : | No. 173 MDA 2022 |

Appeal from the PCRA Order Entered December 28, 2021
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0003256-2015

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: FEBRUARY 22, 2023**

Appellant Corey D. Palson appeals from the order denying his timely

first Post Conviction Relief Act[1] (PCRA) petition.  Appellant contends that the

Commonwealth failed to disclose a plea agreement offered to one of its key

witnesses and claims that trial counsel was ineffective.  We affirm.

A previous panel of this Court set forth the underlying facts of this

matter as follows:

> [Appellant] was charged in connection with three separate deaths.
> Lorraine Avery died from a drug overdose that was reported to
> the Middlesex Township Police on May 2, 2015.  Michael Sullivan
> died from a drug overdose that was reported to the Hampden
> Township Police on May 14, 2015.  At the scene of both incidents,
> police found empty glassine bags stamped "M*O*B."  At trial,
> Avery's sister testified that the evening before Avery was found
> dead, "Avery had obtained a ride from a friend . . . whom she
> asked to drive her to meet a person who was going to lend her

---

[1] 42 Pa.C.S. §§ 9541-9546.

money, and that first they would be dropping this person off somewhere along the way as part of the shared ride." Trial Court Opinion, 4/17/18, at 5. The person Avery met with was Jesse Blais, [Appellant's] codefendant charged with the deaths of Avery and Sullivan. At trial, Blais testified that he bought the "M*O*B product" from [Appellant] and that [Appellant] was his only source of the "M*O*B product." On June 6, 2016, [Nicole] Tubbs died in a car crash in Silver Spring Township. At the scene of the accident, the police found a pedicure kit in the vehicle. Inside the pedicure kit was a blue glassine bag and a "bundle" of what the officer believed to be heroin, stamped "M*O*B."

*Commonwealth v. Palson*, 2018 WL 6258905 at *1 (Pa. Super. filed Nov. 30, 2018) (unpublished mem.).

Following trial, the jury convicted Appellant of three counts of drug delivery resulting in death, three counts of possession with intent to deliver heroin, and one count of conspiracy to possess heroin with intent to deliver.[2] The trial court imposed an aggregate sentence of thirty-one and one-half years to sixty-three years' incarceration.

Appellant filed post-sentence motions[3] in which he raised multiple claims concerning the validity of the drug delivery resulting in death statute, the weight and sufficiency of the evidence, and the trial court's evidentiary rulings. Appellant subsequently filed a direct appeal in which he challenged the validity

---

[2] 18 Pa.C.S. § 2506, 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 903, respectively.

[3] Appellant filed timely post-sentence motions on December 21, 2016. However, the record further reflects that on April 4, 2017, the trial court granted Appellant permission to file a supplemental post-sentence motion, which Appellant filed on May 31, 2017.

of the drug delivery resulting in death statute and the discretionary aspects of his sentence. Ultimately, this Court affirmed Appellant's convictions, but vacated the judgment of sentence and remanded the case for re-sentencing because it was unclear from the record whether the trial court used the correct prior record score. *See id.* at *4. On remand, the trial court clarified the correct prior record score and subsequently imposed an identical sentence on May 28, 2019. *See* Sentencing Order, 5/28/19. Appellant did not file post-sentence motions or a direct appeal.

Appellant subsequently retained PCRA counsel, who filed a timely first PCRA petition on Appellant's behalf. *See* PCRA Pet., 6/26/20. Therein, Appellant claimed that the Commonwealth violated *Brady*[4] by withholding information pertaining to a key trial witness's plea agreement and that trial counsel was ineffective for failing to file suppression motions and mounting a "legally invalid defense" that was predicated on jury nullification. *See id.* at 26, 39.

On March 17, 2021, the PCRA court issued an order dismissing Appellant's *Brady* claim without a hearing. Therein, the PCRA court explained that Appellant's claim was meritless, as "the trial transcript clearly reflects that at the time of [Appellant's] trial[,] the testimony of Jesse Blais established that he was testifying in exchange for consideration from the Commonwealth."

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

*See* PCRA Ct. Order, 3/17/21, at 1. Further, the PCRA court concluded that this issue was waived as "the plea deal with Mr. Blais was formalized on the record on April 25, 2017, which makes [Appellant's] *Brady* argument patently untimely as raised in his June 26, 2020 PCRA petition." *Id.* at 2. However, the PCRA court stated that it would hold a hearing on Appellant's remaining PCRA claims. *Id.*

The PCRA court held evidentiary hearings on Appellant's remaining claims on May 27, 2021 and July 8, 2021. During the hearings, the PCRA court heard testimony from the Commonwealth, Appellant's trial counsel, and Appellant. On December 28, 2021, the PCRA court entered an order denying Appellant's PCRA petition.

Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

Appellant sets forth the following issues for our review:

1. Whether the Commonwealth violated the *Brady* rule and [Appellant's] state and federal constitutional rights to due process of law by failing to disclose, actively concealing and misleading the jury as to the prosecution's "deal" with its chief witness against [Appellant] who at trial was facing two first degree felony counts of drug delivery resulting in death and adamantly denied any "deal" with the prosecution in exchange for his cooperation and testimony against [Appellant] and yet, months later, the most serious charges were dismissed and he pled *nolo contendere* to a delivery count for approximately time served in a plea agreement?

2. Whether trial counsel was ineffective for failing to file any suppression motions on behalf of [Appellant], especially a motion to suppress incriminating statements to police?

- 4 -

3. Whether trial counsel was ineffective for pursuing a defense strategy lacking any legal validity and contrary to statutory and case law when he could have based a defense on ***Commonwealth v. Parker***, 327 A.2d 128 (Pa. 1974)?

Appellant's Brief at 1-2 (some formatting altered).

### ***Brady* Claim**

In his first issue, Appellant contends that the PCRA court erred in dismissing his ***Brady*** claim on the basis that Appellant "should have known of the deal given to Jesse Blais because it was a public record as far back as April 25, 2017." Appellant's Brief at 10. In support, Appellant argues that "the prosecution has an absolute obligation to reveal all ***Brady***[] material whether in the public record or not." ***Id.*** Therefore, Appellant asserts that "[t]he fact that the plea agreement was in the public record does not excuse the prosecution from fail[ing] to disclose the agreement to the defense in time for it to be used." ***Id***. at 11 (citing ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020)).

With respect to the underlying ***Brady*** claim, Appellant argues that Mr. Blais' "undisclosed plea agreement was excessively generous" and that "a reasonable jury would regard it as an incentive to testify falsely." ***Id.*** at 11. Additionally, Appellant emphasizes that Blais' testimony was "crucial" to the Commonwealth's case. ***Id.*** Therefore, Appellant concludes that "there was a 'reasonable probability' of a different outcome if the benefits of the plea agreement had been disclosed to defense counsel[] and the jury." ***Id.*** at 12.

The Commonwealth responds that the information about Mr. Blais' plea agreement "was publicly available prior to the filing of [Appellant's] second post-sentence motion and could have been obtained by [Appellant] or counsel by exercising reasonable diligence, the issue is permanently waived." Commonwealth's Brief at 21. Therefore, the Commonwealth argues that the PCRA court "correctly dismissed [Appellant's] claim that the Commonwealth committed a **Brady** violation as meritless and untimely." **Id.** at 21-22. Further, the PCRA court notes that Blais testified at trial that he was testifying against Appellant in the hope of receiving leniency from the Commonwealth, such that there was no concealment of information by prosecutors concerning a deal for cooperation which would mislead the jury. **Id.** at 9, 10.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that the claim has not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). Pursuant to Section

9544(b), "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

In the context of a **Brady** claim, our Supreme Court has explained:

> To succeed on a **Brady** claim, the defendant must show: (1) evidence was suppressed by the prosecution; (2) the evidence, whether exculpatory or impeaching, was favorable to the defendant; and (3) prejudice resulted. **Commonwealth v. Daniels**, 104 A.3d 267, 284 (Pa. 2014) [(citation omitted)]. A **Brady** violation exists only where the suppressed evidence is material to guilt or punishment, *i.e.*, where there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. **Id.** In determining whether a reasonable probability of a different outcome has been demonstrated, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." **Kyles v. Whitley**, 514 U.S. 419, 434 (1995). A "reasonable probability" of a different result is shown when the government's suppression of evidence "undermines confidence in the outcome of the trial." **United States v. Bagley**, 473 U.S. 667, 678 (1985).
>
> **Brady** claims, nevertheless, may be subject to waiver. **See Roney**, 79 A.3d at 609-12 (several **Brady** claims deemed waived on PCRA appeal for failure to raise them at trial or on direct appeal) [(citation omitted)]; **Commonwealth v. Treiber**, 121 A.3d 435, 460-61 (Pa. 2015) (**Brady** claim waived because it could have been raised in an earlier proceeding) [(citation omitted)]. **See also Commonwealth v. Bomar**, 104 A.3d 1179, 1190-91 (Pa. 2014) (**Brady** claim waived where appellant did not show evidence was not available at trial or counsel could not have uncovered it with reasonable diligence).

**Commonwealth v. Cousar**, 154 A.3d 287, 301-02 (Pa. 2017) (footnotes and some citations omitted, some formatting altered).

Finally, it is well settled that

there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations omitted and formatting altered).

Here, the PCRA court dismissed Appellant's ***Brady*** claim without a hearing after concluding that it was both "meritless" and waived as untimely. ***See*** PCRA Ct. Order, 3/17/21, at 1-2. In its Rule 1925(a) opinion, the PCRA court addressed the merits of Appellant's ***Brady*** claim, but ultimately concluded that he was not entitled to relief. ***See*** PCRA Ct. Op., 3/22/22, at 8-9.

Based on our review of the record, we discern no abuse of discretion by the PCRA court in dismissing Appellant's ***Brady*** claim without an evidentiary hearing. ***See Maddrey***, 205 A.3d at 328. First, although it is undisputed that Mr. Blais entered his guilty plea on April 27, 2017, Appellant did not include a ***Brady*** claim in either his December 21, 2016 post-sentence motions, nor his May 31, 2017 supplemental post-sentence motion, nor did he raise the issue on direct appeal. ***See Palson***, 2018 WL 6258905. Therefore, Appellant's claim is waived. ***See Cousar***, 154 A.3d at 301-02; 42 Pa.C.S. §§ 9543(a)(3), 9544(b).

Further, to the extent Appellant claims that he first learned of Mr. Blais' plea agreement "in December of 2019," *see* PCRA Pet., 6/26/20, at 26, ¶ 49, Appellant has provided no explanation as to why this information could not have been obtained earlier with the exercise of reasonable diligence. *See Bomar*, 104 A.3d at 1190 (reiterating that "[t]here is no *Brady* violation when the appellant knew, or with reasonable diligence, could have uncovered the evidence in question" (citation omitted)). Accordingly, Appellant is not entitled to relief.[5] *See id; Cousar*, 154 A.3d at 301-02.

## Suppression Motions

In his next claim, Appellant argues that trial counsel was ineffective for failing to file motions to suppress the statements that he made to police and the evidence that was obtained from his hotel room and vehicle. Appellant's Brief at 8. First, Appellant contends that trial counsel should have moved to suppress his statements to police "on the grounds that the statements were not knowing, voluntary and intelligent." *Id.* In support, Appellant argues that police failed to inform him of the charges he was facing or issue *Miranda*[6] warnings. *Id.* at 23. Additionally, he claims that at the time of his interview with police, "he was upset because he was at his girlfriend's funeral" earlier that day and was also "high on drugs." *Id.* at 22, 23.

---

[5] While our rationale differs from the PCRA court, it is well settled that we may affirm the PCRA court's ruling on any basis. *See Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

[6] *Miranda v. Arizona*, 384 U.S. 436 (1966).

With respect to the searches, Appellant contends that the search warrant for his vehicle was illegal because police failed to establish probable cause. *Id.* at 9, 23. He also argues that although police obtained a search warrant for his hotel room, police did not have probable cause to search the safe located inside the room. *Id.* at 9. Appellant asserts that the evidence obtained from these "unlawful searches would have been suppressed had [trial counsel] had the initiative to file suppression motions." *Id.* at 9.

Appellant concludes that trial counsel was ineffective because he "assumed the suppression issues had no merit," and counsel's failure left Appellant "with no way to make the argument that the searches were illegal, and the statements were involuntary." *Id.* at 22-23.

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.[7]
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief.

---

[7] Pennsylvania's three-part standard for assessing claims of ineffective assistance of counsel, adopted in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987), is "materially identical" to the two-part test set forth in **Strickland v. Washington**, 466 U.S. 668 (1984). **See Commonwealth v. Washington**, 927 A.2d 586, 594 n.8 (Pa. 2007) (citation omitted).

Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Sandusky*, 203 A.3d at 1043-44 (citations omitted and formatting altered).

It is well settled that "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." *Washington*, 927 A.2d at 603 (citations omitted).

Here, the PCRA court addressed Appellant's suppression claims as follows:

Appellant next contends that trial counsel was ineffective for failing to file a motion to suppress Appellant's statements to the police on the basis that Appellant was high at the time he made them. Where the challenge is to a failure to move for suppression of evidence, the defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability that the verdict would have been more favorable. *See Commonwealth v. Melson*, 556 A.2d 836, 839 (Pa. Super. 1989); *see also Commonwealth v. Johnson*, 179 A.3d 1153, 1160 (Pa. Super. 2018). A prejudice analysis is unnecessary so

- 11 -

long as there was a reasonable strategic basis for failing to file the motion. *Johnson*, 179 A.3d at 1160. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021), citing *Commonwealth v. Chambers*, 807 A.2d 872, 883 (Pa. 2002).

. . . [T]he test for whether suppression of statements purportedly made under the influence may be found in *Commonwealth v. Culberson*, 358 A.2d 416, 417-18 (Pa. 1976). Our Supreme Court stated as follows:

> Specifically, appellant maintains that his use of marijuana prior to the time of his arrest and questioning negated his ability to voluntarily and intelligently waive his *Miranda* rights before making an inculpatory statement. In an analogous situation, this Court has stated "intoxication is a factor to be considered, but it is not sufficient, in and of itself to render the confession involuntary." *Commonwealth v. Jones*, 322 A.2d 119, 125 (Pa. 1974). The test is whether there was sufficient mental capacity for the defendant to know what he was saying and to have voluntarily intended to say it. *Commonwealth v. Smith*, 291 A.2d 103, 105 (Pa. 1972). We believe this standard is equally applicable to those instances where an accused was allegedly under the influence of drugs or narcotics at the time of his interrogation by police officials. *See United States ex rel. Sadler v. United States*, 315 F. Supp. 1377, 1378-79 (E.D. Pa. 1970), *see also Commonwealth v. Eden*, 317 A.2d 255 (Pa. 1974). The burden to prove a valid waiver by a preponderance of the evidence is upon the Commonwealth. *Commonwealth v.* [*Fogan*], 296 A.2d 755 (Pa. 1972).

Here, during his police interviews Appellant aptly demonstrated sufficient mental capacity to know what he was saying and have voluntarily intended to say it. This is demonstrated by Appellant's detailed recollection of his statements years after the fact. Additionally, Appellant failed to demonstrate that the outcome of the proceeding would have been different if suppression had been granted, as the crucial evidence at trial tying Appellant to these crimes did not come from Appellant's statements. Therefore, Appellant failed to meet his burden to prove that trial counsel was

ineffective for failing to suppress Appellant's statements to the police, and this court should properly be affirmed on appeal.

Finally, Appellant contends that trial counsel was ineffective for failing to file a motion to suppress evidence secured from searches of Appellant's hotel room, safe, car and cell phone . . . . Here, Appellant's primary focus is on challenging the search of his hotel room safe, which was conducted pursuant to a valid search warrant, supported by probable cause. "Where a search warrant adequately describes the place to be searched and the items to be seized the scope of the search 'extends to the entire area in which the object of the search may be found and properly includes the opening and inspection of containers and other receptacles where the object may be secreted.'" *Commonwealth v. Irvin*, 134 A.3d 67, 75 (Pa. Super. 2016), (citing to *Commonwealth v. Waltson*, 555 Pa. 223, 724 A.2d 289, 292 (Pa. 1998)). The fair scope of a search warrant authorizing a search for drugs, funds relating to their sale and documents relating to their sale, properly includes the search of a safe as a container in which money or contraband may be secreted. *Irvin*, 134 A.3d at 75. Here, the search warrant issued for Appellant's hotel room specifically authorized the search of the hotel room, as well as the safe in question, for drugs, cash, drug paraphernalia and cell phones, placing this case squarely in line with *Irvin*. The warrant for Appellant's hotel room and safe was supported by four pages of facts demonstrating the existence of probable cause, which amply justified the issuance of the warrant. Likewise, the search warrant for Appellant's automobile was issued for the recovery of drugs, cash and cell phones, and similarly supported by probable cause.

While some evidence from the searches of Appellant's hotel room and house were admitted at trial, trial counsel had a reasonable basis to not seek suppression. Specifically, the searches in question occurred pursuant to valid search warrants which were well-supported by probable cause. Further, Appellant failed to demonstrate that suppression of the evidence secured pursuant to the warrants would have led to a more favorable verdict. Independent of the warrants, the Commonwealth had sufficient evidence to prove that Appellant was the sole regional supplier for M*O*B stamped heroin, and that M*O*B heroin distributed by Appellant caused the three . . . deaths at issue here. As such, trial counsel was not ineffective for failing to file a motion to suppress the evidence uncovered by the search warrants at issue, and this court should properly be affirmed on appeal.

PCRA Ct. Op. at 12-16 (some formatting altered).

Following our review of the record, we find no error in the PCRA court's conclusion that Appellant failed to establish that trial counsel was ineffective for failing to file suppression motions. *See Sandusky*, 203 A.3d at 1043-1044. Therefore, we affirm on the basis of the PCRA court's analysis of this issue. *See* PCRA Ct. Op. at 12-16. Accordingly, Appellant is not entitled to relief.

## Alternative Defense

In his final issue, Appellant contends that trial counsel was ineffective "for pursuing a strategy with no legal validity when he should have argued the convictions were contrary to *Commonwealth v. Parker*, 327 A.2d 128 (Pa. 1974) which discharged the defendant from a murder conviction on the theory that a person is not guilty of murder for injecting a person with heroin." Appellant's Brief at 23.

Initially, we note that an appellate brief must substantially comply with the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2114-2119 (explaining the specific requirements for each section of an appellate brief).

Further, this Court has explained:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c).

> Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b). This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (some citations omitted); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (reiterating that the failure "to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review," results in waiver of that issue on appeal (citations omitted)).

Here, Appellant does not discuss the three-pronged test for an ineffectiveness claim, nor does he develop any argument beyond his bald assertion that trial counsel should have pursued an alternative defense. *See* Appellant's Brief at 23. Therefore, because Appellant has failed to properly develop this claim for review, it is waived. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. Super. 2014) (reiterating that where a petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development" (citations and quotation marks omitted)); *see also Hardy*, 918 A.2d at 771 (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant" (citation omitted)). Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2023