393 A.2d 30

**COMMONWEALTH of Pennsylvania**

v.

**Roscoe GOOD, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 22, 1978.

Decided Nov. 2, 1978.

530

Lester G. Nauhaus, Asst. Public Defenders, Michael D. Foglia, Pittsburgh, for Bond Reduction Only.

John H. Corbett, Pittsburgh, Robert E. Colville, Dist. Attys., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Melanie Di Pietro, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Roscoe Good, was convicted in a nonjury trial of voluntary manslaughter. Post-verdict motions were denied and appellant was sentenced to a prison term of five to ten years. This direct appeal followed.

In this appeal, appellant challenges only the effectiveness of his trial counsel. He cites three reasons why he believes trial counsel was ineffective. He first alleges that counsel was ineffective for failing to adequately cross-examine a critical Commonwealth witness. He further alleges that counsel was ineffective for failing to pursue the defense of self-defense. Third, he believes counsel was ineffective for basing his defense on the hope that a critical Commonwealth witness would be unavailable. The facts are as follows.

At trial, the Commonwealth presented a series of witnesses who testified to the following scenario. On October 9, 1976, appellant was tending bar in Good's Garden Spot Bar (owned by his father), in the Brighton Heights section of the City of Pittsburgh. A patron informed Allen Travillion, another employee, that Lloyd Walker, the victim, was sleeping in the men's room. When appellant and Travillion attempted to get Walker out of the rest room, a fight broke out between appellant and the victim. The fight moved from the men's room to the tap room. During the scuffle, a shot was fired. The victim was wounded in the head. None of these witnesses, however, saw either party pull a gun or witnessed the shot being fired.

Following the testimony of these witnesses, the Commonwealth requested, and was granted, a continuance to secure the presence of Reather Mae Chambers, a barmaid at the time of the incident. Chambers testified at the coroner's inquest that she saw appellant standing at the end of the bar, pointing a gun at the floor and firing. Chambers then went behind the bar and saw the victim lying on the floor with a gunshot wound in the head. Since the coroner's inquest, Chambers had ignored Commonwealth subpoenas

and failed to show up for trial. A bench warrant was issued and Chambers was arrested and taken in to testify. Her testimony was similar to that given at the coroner's inquest.

Following the allegation of ineffective assistance of trial counsel in the post-verdict motions, an evidentiary hearing was held at which appellant's trial counsel testified. Counsel testified that he had interviewed Chambers after the coroner's inquest when she told him that because of her reluctance to testify, she was leaving the jurisdiction. Counsel then informed appellant that without Chambers' testimony, the Commonwealth would be unable to make out a *prima facie* case, as none of the other witnesses could identify appellant as the individual who fired the fatal shot.

However, trial counsel also told appellant that, in all probability, Chambers would be taken in to testify. Counsel testified that he believed this to be the case, because Chambers was still picking up her welfare checks at a local bank. Because the coroner's inquest testimony of Chambers was full of contradictions, counsel informed appellant that the best course could possibly be to stipulate to her testimony at the coroner's inquest, thus negating the possibility she might give more damaging testimony. However, since Chambers was arrested one day after the issuance of the bench warrant, this possibility never occurred.

When Chambers took the stand, it was obvious that she was reluctant to testify. Before going into the details of the incident, Chambers told the court that she was testifying because of "a whole lot of police harrassment." Chambers then offered testimony similar to that given at the coroner's inquest. Following her direct examination, trial counsel cross-examined Chambers briefly on her ability to see the shooting.

At the evidentiary hearing, trial counsel testified that he kept his cross-examination brief to keep from highlighting the damaging portions of her testimony. Because Chambers was an admitted reluctant witness who was testifying because "of a whole lot of police harrassment," trial counsel attacked her credibility on these grounds.

■ As to the claim of self-defense, counsel testified that he informed appellant that the only evidence of self-defense would have to come from appellant's own mouth. Appellant, however, did not wish to take the stand, thus negating the possibility of presenting the defense of self-defense. Appellant has not asserted that Travillion or any other witness might have been called to establish that appellant acted in self-defense.

In *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352 (1967), we stated:

". . . [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." (Emphasis in original.)

Further, in *Commonwealth v. Roundtree*, 469 Pa. 241, 249, 364 A.2d 1359, 1363 (1976), we stated:

". . . [T]he only inquiry is whether counsel made an informed choice, *which at the time the decision was made* reasonably could have been considered as advancing and protecting the appellant's interest." (Emphasis added.)

Viewed in light of these standards, we are unable to classify trial counsel's representation as ineffective. Counsel offered reasonable explanations, based on complete information, for all his actions. Thus, his decision not to extensively cross-examine Chambers was based on the fact that counsel reasonably believed that to do so would only highlight damaging portions of the testimony. Since Chambers' credibility was subject to attack on other grounds, we cannot classify counsel's representation as ineffective.

■ As to self-defense, counsel simply could not present such a defense without appellant taking the stand or calling other witnesses who would establish the self-defense claim.

As the choice of whether or not to testify rested solely on appellant, and he chose not to testify, and no other witnesses could present the self-defense claim, counsel was not ineffective for failing to pursue the defense of self-defense.

Finally, appellant's claim that counsel based his defense solely on the hope that Chambers would be unavailable simply ignores the facts. As our discussion on the cross-examination indicates, counsel was prepared to deal with her testimony, and in fact did so, in the way counsel thought best.

Having reviewed all of appellant's allegations and having found all of them to be meritless, we believe appellant was provided with effective assistance of counsel.

Judgment of sentence affirmed.