411 A.2d 824

**COMMONWEALTH of Pennsylvania**

**v.**

**Edmund William LINCOLN, Appellant.**

Superior Court of Pennsylvania.

Argued July 16, 1979.

Filed Oct. 12, 1979.

490

Carol E. Haltrecht, Assistant Public Defender, West Chester, for appellant.

John E. White, Jr., Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WEKSELMAN, Judge:

On October 20, 1972, appellant was found guilty by a jury of murder in the second degree, pointing and discharging a deadly weapon, and assault with intent to kill. Those convictions were based upon a complaint filed on July 3, 1971, but appellant was not arrested until October 19, 1971, when he was apprehended by Arizona police on a fugitive warrant. Pennsylvania authorities arrived in Arizona on October 21, 1971, served appellant with the Pennsylvania warrant, questioned him for three hours, and took a signed inculpatory statement. The police returned appellant to Pennsylvania on October 24, 1971, and just prior to his arraignment that same day, appellant gave an oral statement. After his trial,

---

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

post-verdict motions were filed raising what are often termed "boiler plate" allegations of error; namely, that the verdict was contrary to the evidence, the verdict was contrary to the weight of the evidence, the verdict was contrary to law, and the evidence was insufficient to sustain the verdict. Those motions were denied and new counsel for appellant filed an appeal to the Supreme Court of Pennsylvania raising the additional issue of the ineffective assistance of trial counsel. At that point, no Opinion sur post-trial motions had been filed by the post-conviction court. The Supreme Court, on February 28, 1977, entered an Order remanding the case to the Court of Common Pleas of Chester County for the filing of an Opinion in conformity with Pennsylvania Rule of Appellate Procedure 1925(a) and, in addition, directing that Court to hold an evidentiary hearing concerning the allegation of ineffective assistance of trial counsel. *Commonwealth v. Lincoln*, 470 Pa. 589, 369 A.2d 725 (1977).

The Court of Common Pleas of Chester County conducted an evidentiary hearing on the ineffective assistance of counsel claim and, on September 11, 1978, filed its Opinion relative to the post-trial motions and the ineffective assistance of counsel claim, together with an Order denying post-conviction relief.

■ Appellant contends that trial counsel was ineffective for failing to file a pre-trial motion to suppress statements given by appellant after his arrest but before his arraignment. He argues that an unnecessary delay occurred between his arrest and his signing of a written statement and that his subsequent oral statement violated *Futch* standards.[1] The crucial time period under *Futch* is that between the arrest and the giving of the statement. Here, the inculpatory statement was given three hours after the warrant was served by the Pennsylvania authorities in Arizona. Such a short time span indicates that there was no nexus between the delay in arraignment and the giving of the statement. *Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d

1. *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).

397 (1978); *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1975). The time which elapsed between appellant's arrest by Arizona police and his contact with Pennsylvania police was undoubtedly necessary administrative delay because of the distance involved. *See, Commonwealth v. Nickol*, 476 Pa. 75, 381 A.2d 873 (1977). Trial counsel cannot be deemed to have been ineffective for failure to make a pre-trial motion to suppress a written statement where there was no basis for sustaining such a motion. *See, Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978).

■ The oral statement of which appellant complains was given by him after he had been returned to Pennsylvania but prior to his arraignment. Although two days had elapsed between the time that Pennsylvania police took custody of appellant in Arizona and the time that he was returned to Pennsylvania and arraigned, the oral statement was not utilized by the Commonwealth at trial. Thus, appellant suffered no prejudice and obviously cannot demonstrate that he was prejudiced by trial counsel's failure to move to suppress that evidence. *See, Commonwealth v. Rice*, 477 Pa. 221, 383 A.2d 903 (1978).

■ Appellant further contends that trial counsel was ineffective in failing to file a pretrial suppression motion raising the voluntariness of his statements. Trial counsel testified that based upon his conversations with appellant, he was satisfied that the statements were voluntary. Moreover, at trial, the voluntariness of the statements was tested at several *Jackson-Denno*[2] hearings during which trial counsel raised many questions relevant to the issues of voluntariness and the giving of constitutional warnings. The trial court found the statements to be voluntary and, of course, their voluntariness was ultimately determined by the jury. Even if we were to determine, which we do not, that trial counsel was ineffective in failing to file a pretrial suppression motion on grounds of involuntariness, appellant suffered no prejudice as a result thereof and has no basis for complaint. *Commonwealth v. Rice, supra*.

**2.** *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

■ Finally, appellant asserts that trial counsel was ineffective for inadequately advising him of his right not to testify. At the evidentiary hearing, the court below chose to believe trial counsel's testimony that he advised appellant of the ramifications of taking the stand, and we have no basis for reaching a dissimilar conclusion. Because the Commonwealth's evidence was substantial, it was reasonable trial strategy for appellant to testify to explain his written statement and the circumstances surrounding the incident which gave rise to his arrest and trial. The choice of whether to testify rests on the accused, it being counsel's function to advise fully of the consequences. *See, Commonwealth v. Good*, 481 Pa. 529, 393 A.2d 30 (1978); *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975).[3]

Judgment of sentence and order affirmed.

---

**3.** The only issue properly raised in the appeal from the judgment of sentence goes to the sufficiency of the evidence. We have examined the record and find the evidence to be sufficient to support the verdict. We, therefore, affirm both the judgment of sentence and the order denying post conviction relief.