**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3903
_____

UNITED STATES OF AMERICA

v.

MONTE BARRY,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:18-cr-00330-001)
District Judge: Honorable Marilyn J. Horan

_____

Argued on January 23, 2025

Before: HARDIMAN, AMBRO, and SMITH, *Circuit Judges*.

(Filed: April 16, 2025)

Renee Pietropaolo [Argued]
Lisa B. Freeland
Elisa A. Long
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
        *Attorneys for Appellant*

Donovan J. Cocas [Argued]
Laura S. Irwin
Eric G. Olshan
Office of United States Attorney
700 Grant Street

Suite 4000
Pittsburgh, PA 15219
     *Attorneys for Appellees*

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

Monte Barry appeals his judgment of conviction and sentence after pleading guilty to possessing a firearm as a felon. We will affirm.

I

While on parole for robbery, Barry was charged with and pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). The Probation Office calculated a total offense level of 17 and a criminal history category of III, resulting in an advisory Guidelines range of 30 to 37 months' imprisonment. Before sentencing, Barry objected, arguing that his prior state robbery conviction under 18 Pa. Cons. Stat. § 3701(a)(1)(i) was not a "crime of violence" under U.S.S.G. § 4B1.2(a). If Barry were correct about that, his Guidelines range would have been 15 to 21 months' imprisonment. *See* U.S.S.G. § 2K2.1(a)(4)(A), (a)(6)(A).

The District Court agreed with the Probation Office, overruled Barry's objection, and concluded that 18 Pa. Cons. Stat. § 3701(a)(1)(i) was a crime of violence. The Court

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

sentenced Barry to 30 months' imprisonment followed by 3 years' supervised release. Barry timely appealed.

II[1]

Barry argues that the District Court miscalculated the Guidelines range because his robbery conviction is not a crime of violence. The answer to that question is unclear, largely because of the vagaries of the Supreme Court's categorical approach to such matters. *See, e.g.*, *United States v. Jenkins*, 68 F.4th 148, 155 (3d Cir. 2023). We need not engage in that formalistic exercise here because the record shows "that the sentencing Guidelines range did not affect the actual sentence." *United States v. Zabielski*, 711 F.3d 381, 387 (3d Cir. 2013) (cleaned up).

The District Court conducted a thorough sentencing hearing. The Court had been made aware of the dispute about whether Barry's robbery conviction qualified as a crime of violence and its effect on the Guidelines range. The Court was not presented with any motions for departure and heard counsel for Barry argue for a downward variance. The Court then imposed a bottom-of-the-Guidelines sentence of 30 months.

Mindful of the dispute about the enhancement for the robbery conviction, the Court noted it "would adhere to the sentence even if the [G]uidelines had not been accurately computed." App. 113–14; *see also Zabielski*, 711 F.3d at 389. The record demonstrates those were not empty words. The District Court understood what the Guidelines range would be if the enhancement were inapplicable. It then followed the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

three-step sentencing procedure. *See United States v. Raia*, 993 F.3d 185, 196 (3d Cir. 2021). The Court provided a thorough discussion of Barry's crime and life, demonstrating that it "underst[ood] the facts of the case, grasp[ed] their significance, and incorporate[d] them into a just sentence." *Zabielski*, 711 F.3d at 388. In sum, any error by the District Court regarding the Guidelines calculation was harmless because "there is a high probability that the sentencing judge would have imposed the same sentence under a correct Guidelines range." *Id.* at 387 (cleaned up).

Our decision today does not, as our dissenting colleague suggests, hold that "[a] single comment from a District Judge . . . insulate[s] a sentence from review." Dissent at 1. In *Zabielski*, we noted that "[a]n explicit statement that the district court would have imposed the same sentence under two different ranges can help to improve the clarity of the record, promote efficient sentencing, and obviate questionable appeals such as this one." 711 F.3d at 389. Such clear statements from sentencing judges are important polestars worthy of consideration by this reviewing Court, which takes an appropriately deferential approach in such matters. *See generally United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009) (en banc). But they must be considered in the full context of the trial court record; they are not dispositive shibboleths. Clear statements also relieve this Court of trying to discern whether the appeal presents the "rare case," like *Zabielski*, where we can infer that an erroneous Guidelines range was immaterial even in the absence of a clear statement by the sentencing judge. 711 F.3d at 377 (quoting *United States v. Langford*,

4

516 F.3d 205, 218 (3d Cir. 2008)). [2]

\*       \*       \*

For these reasons, we will affirm Barry's judgment of conviction and sentence.

---

[2] Barry's Second Amendment challenge is, as he recognized at page 25 of his Reply Brief, foreclosed by our intervening decision in *United States v. Moore*, 111 F.4th 266, 272–73 (3d Cir. 2024). *See also United States v. Quailes*, 126 F.4th 215, 223–24 (2025).

AMBRO, *Circuit Judge*, concurring in part and dissenting in part

A single comment from a District Judge should not insulate a sentence from review. I thus dissent in part.[1]

Sentencing Guidelines are "not only the starting point for most federal sentencing proceedings but also the lodestar." *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). "[D]istrict courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (internal quotation marks omitted). So even an "explicit statement that the district court would have imposed the same sentence under two different ranges" will not preclude our review in the mine run of cases. *United States v. Zabielski*, 711 F.3d 381, 389 (3d Cir. 2013). Only in the "rare case" is it possible to "discern from the record that the sentencing Guidelines range did not affect the actual sentence." *Id.* at 387.

*Zabielski* itself exemplifies the rare case. The Government there argued for a Guidelines range of 37–46 months, while Zabielski argued for a Guidelines range of 30–37 months. *Id.* at 384. Departing from both, the District Court sentenced him to 24 months—a downward variance of 13 months below the floor of the Government's Guideline range and 6 months less than the bottom of Zabielski's request. *Id.* at 385. It explained this departure was based entirely on Zabielski's allocution. *Id.* at 385. Despite receiving a more lenient sentence than requested, he appealed. *Id.*

---

[1] I concur with the majority that *United States v. Moore*, 111 F.4th 266, 272 (3d Cir. 2024), forecloses Barry's Second Amendment challenge. Maj. Op. at 5 n.2.

1

Addressing his challenge, we acknowledged that "[i]n the typical case, an erroneous calculation of the defendant's base offense level . . . will not be harmless, particularly when the sentence imposed suggests that the district court chose to adhere to the advisory Guidelines range." *Id.* at 387. And when a judge "impose[s] a bottom-of-the-Guidelines sentence," it is "reasonable to assume" that the judge may have done the same thing "pursuant to the lower, correct range." *Id*. One reason is because the Court's "attempts to avoid disparity between defendants" may "be misguided" under the incorrect range; "it ineluctably will compare the defendant to others" with a different criminal background. *Id.* In contrast, "an error is more likely to be harmless when . . . the district court decided to vary from the advisory Guidelines range." *Id.* at 388. So there was harmless error in *Zabielski* because the "record d[id] not suggest in any way that the 24-month sentence was influenced by" the disparate Guidelines ranges the parties had requested. *Id.* at 389.

This case shares little with *Zabielski*. And under the latter's logic, I reach the opposite result. The Government here requested a range of 30–37 months based on its conclusion that Barry had committed a crime of violence. Maj. Op. at 2-3. He argued 18 Pa. Cons. Stat. § 3701(a)(1)(i) is not a crime of violence, making the Guidelines range 15–21 months. The District Court agreed with the Government and gave Barry a 30-month sentence.

We cannot say the Guidelines range played no part. In fact, the Court stated it had determined an "appropriate sentenc[e] to *meet the considerations of the sentencing guidelines* and of [the §] 3553(a) factors," and acknowledged it would sentence Barry "within the guideline range." App. 108. It also explained its desire to "avoid unwarranted

2

sentence disparities among defendants with similar records who have been found guilty by similar conduct"—presumably also crimes of violence. App. 113. If the Court had concluded § 3701(a)(1)(i) was not a crime of violence, the sentence imposed would have been an unexplained 100% upward variance from the corresponding Guidelines range. The Court's note that it "would adhere to the sentence even if the guidelines had not been accurately computed" does not explain this departure. App. 114. My colleagues today conclude these were not "empty words," but I do not know why. Maj. Op. at 4. Their decision suggests that comments from district judges are sufficient, but precedent says that is true only in the "rare case." *Zabielski*, 711 F.3d at 387; *see United States v. Raia*, 993 F.3d 185, 196 (3d Cir. 2021) ("[E]ven an explicit statement that the same sentence would be imposed under a different Guidelines range is insufficient if that alternative sentence is not also a product of the entire three-step sentencing process."). My concern is that we not create a path for a district judge to insulate any sentence from our review. I respectfully dissent on this issue.

Because I disagree with the majority's extension of *Zabielski*, I reach Barry's arguments that 18 Pa. Cons. Stat. § 3701(a)(1)(i) is not a crime of violence. He makes at least one meritorious argument to that end, and I would therefore vacate and remand for the District Court to resentence him under the correct Guidelines range.

Barry was sentenced under § 3701(a)(1)(i), the provision of Pennsylvania's robbery statute applicable to those who "inflict[] serious bodily injury" during a theft. *Id.* A "crime of violence" must "ha[ve] as an element the use, attempted use, or threatened use of

3

physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), or be one of several enumerated offenses, including robbery, *id.* § 4B1.2(a)(2). The only question here is whether § 3701(a)(1)(i) matches the generic definition of the enumerated offense, "robbery." *See id.* § 4B1.2(a)(2). "If [§ 3701(a)(1)(i)] has the same elements as the generic offense, or . . . defines the offense more narrowly, then [it] is a categorical match and can serve as a predicate offense for a sentencing enhancement." *United States v. Brasby*, 61 F.4th 127, 134 (3d Cir. 2023). But if it "sweeps more broadly than the generic offense, then a conviction under [§ 3701(a)(1)(i)] cannot serve as a predicate offense." *Id.* "We exercise plenary review over a district court's decision that a conviction is one for a crime of violence . . . ." *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018).

Barry argues that generic robbery requires force, but § 3701(a)(1)(i) does not and is therefore broader. Generic robbery is "the taking of property from another person or from the immediate presence of another person *by force* or by intimidation." *United States v. Scott*, 14 F.4th 190, 196 (3d Cir. 2021) (emphasis added) (quoting *United States v. McCants*, 952 F.3d 416, 428–29 (3d Cir. 2020)). The "degree of force necessary to commit robbery at common law" is that "sufficient to overcome a victim's resistance." *Stokeling v. United States*, 586 U.S. 73, 84-85 (2019). "[D]e minimis" force is enough. *United States v. Graves*, 877 F.3d 494, 503 (3d Cir. 2017). At the same time, snatchings—takings without the use of any force—are not covered under that definition. *Id.* A "defendant who merely snatches money from the victim's hand and runs away has not committed robbery. Similarly, a defendant who steals a gold chain does not use force, within the meaning of

4

the robbery statute, simply because the victim feels his fingers on the back of her neck." *Stokeling*, 586 U.S. at 86 (cleaned up).

There is at least one Pennsylvania case in which an individual was convicted of robbery under § 3701(a)(1)(i) though no "force" (as *Stokeling* defines it) was used. In *Pennsylvania v. Rice*, the defendants had "waited for [the victim] to walk past an alley and then ran toward her from behind. [They] grabbed the purse as they ran by." 383 A.2d 903, 905 (Pa. 1978). The victim "had several drinks, and was staggering." *Id.* She fell, hit her head, and sustained fatal injuries. *Id.* Because § 3701(a)(1)(i) has been applied to forceless pursue snatching, it is broader than the generic definition of robbery and thus is not a crime of violence.

Neither of the Government's arguments to the contrary is persuasive. It first cites *United States v. Castleman* for the proposition that "it is impossible to cause bodily injury without applying force in the common-law sense." 572 U.S. 157, 170 (2014). But *Castleman* dealt with domestic violence, analyzing only the type and degree of force necessary at common law for battery and domestic violence. *Id.* at 171. The Government does not establish that force deployed in those contexts is the same as that required for generic robbery. And *Stokeling* suggests that force deployed during battery may be "different in kind," from that deployed during robbery, because only the latter requires a victim's resistance. 586 U.S. at 82.

Second, the Government argues it is unclear whether the conviction in *Rice* was under § 3701(a)(1)(i) or § 3701(a)(1)(ii). But *Rice* found the prosecution had "prove[n] causation of serious bodily injury or the threat thereof by appellant" because it "established

5

that the victim fell and suffered fatal injuries when appellant grabbed her purse," and those "facts support a finding that appellant caused the fall and [her] death." *Rice*, 383 A.2d at 905. Although unartfully worded, this logic supports a conviction under § 3701(a)(1)(i)— for inflicting serious bodily injury during a theft.

*     *     *     *

I conclude Barry's conviction under § 3701(a)(1)(i) was not a crime of violence. I do not discern harmless error in the District Court's sentencing him based on Guidelines corresponding to that erroneous determination. I thus respectfully dissent, as I would remand for resentencing.